In the Matter of ANNE POWHIDA, Respondent, v CITY OF ALBANY et al., Appellants.

Third Department, June 22, 1989

APPEARANCES OF COUNSEL

*Vincent J. McArdle, Corporation Counsel (Karen A. Crotty-Steinmetz* of counsel), for appellants.

*Walter, Thayer, Long & Mishler (Lanny E. Walter* of counsel; *Mark S. Mishler* with him on the brief), for respondent.

## OPINION OF THE COURT

MAHONEY, P. J.

Respondent City of Albany (hereinafter respondent)* Police Officer Patrick Fox, in his capacity as a part-time employee of a realtor, entered petitioner's home on April 3, 1987 without petitioner's permission for the purpose of conducting a termite inspection. Fox, who was on duty at the time, used a key

---

* Although reference to a single respondent shall be to the City of Albany, we may also refer to all respondents when appropriate.

supplied by the realtor. Petitioner's son, awakened by Fox's entry, recognized him as a police officer. Petitioner went to lodge a complaint about Fox's conduct but Officer Patsy Deso refused to take a statement from petitioner concerning the invasion of her home by a police officer. Petitioner eventually filed a complaint with respondent's Deputy Chief of Police concerning the conduct of Fox and Deso. By letter dated June 9, 1987, respondent's Chief of Police informed petitioner that her complaint had been sustained and that the officers involved in the incident were found to have violated departmental rules, regulations or orders.

After a request by petitioner's attorney for additional data yielded no response, petitioner sought certain records from respondent's Police Department pursuant to the Freedom of Information Law (hereinafter FOIL) (Public Officers Law art 6). The request sought the records of the officers who had been investigated, the rules, regulations and orders found to have been violated, the discipline imposed and a copy of Fox's work schedule for April 3, 1987, the date of the incident. This request, except for Fox's work schedule, was denied on the ground that the information sought was exempt from disclosure by Civil Rights Law § 50-a. On administrative appeal, the denial was affirmed.

Thereafter, petitioner commenced this CPLR article 78 proceeding seeking release of the requested documents along with an award of costs and counsel fees. On February 25, 1988, following an advisory opinion in favor of full disclosure by the Executive Director of the Committee on Open Government, respondent's Corporation Counsel released all of the requested records and sought a stipulation to discontinue the proceeding. Petitioner refused. On March 10, 1988 respondents answered and sought dismissal on the ground of mootness. Petitioner submitted attorneys' affidavits in support of her application for counsel fees. Supreme Court awarded petitioner $1,350 in counsel fees and $150 as reimbursement for filing fees. This appeal by respondents from the judgment entered thereon ensued.

A party may receive counsel fees in a FOIL proceeding when it is established that (1) the petitioner substantially prevailed, (2) the record requested was of "clearly significant interest to the general public", and (3) "the agency lacked a reasonable basis in law for withholding the record" (Public Officers Law § 89 [4] [c]). However, even if all these requirements are met, an award of counsel fees is still discretionary

*(see,* Public Officers Law § 89 [4] [c]). Since an award is discretionary, a court's determination should not be disturbed unless an abuse of discretion is shown *(Matter of Friedland v Maloney,* 148 AD2d 814, 815, citing *Matter of McAndrew v Board of Educ.,* 120 AD2d 591, 592). We find no abuse of discretion in this case.

■ Considering the elements necessary to an award of counsel fees, we first reject respondents' contention that petitioner cannot be deemed to have substantially prevailed since the documents were released before any defense was asserted. Such a contention is irrational. It would allow a respondent to moot any proceeding and prevent an award of counsel fees by releasing the documents before asserting a defense. Supreme Court was correct in determining that it was the initiation of this proceeding which brought about the release of the documents. In fact, respondents admitted in the affidavit of respondent's Assistant Corporation Counsel that the Corporation Counsel made a determination on February 24, 1988 "that Respondents shall release all records sought by Petitioner".

■ Next, the records requested were clearly of significant interest to the public. Here, an on-duty police officer left his assigned post without authorization to perform a termite inspection for a realtor in a private home. The Police Department's response to such conduct significantly contributes to the general public's evaluation of one of the most important public agencies.

■ Finally, we conclude that respondents lacked a reasonable basis in law for denying the request. Pursuant to Public Officer's Law § 87 (2) (a), access to records can be denied if there is a specific exemption from disclosure by State or Federal statute. The State statute relied upon by respondents, Civil Rights Law § 50-a (1), which provides that personnel records of, *inter alia,* police officers used to evaluate performance are not subject to inspection except by consent of the officer, is inapplicable to the facts herein. In *Matter of Capital Newspapers Div. of Hearst Corp. v Burns* (67 NY2d 562), the Court of Appeals held that Civil Rights Law § 50-a does not create a blanket exemption for all personnel records as it was enacted to prevent vexatious investigation into irrelevant matters in the context of a civil or criminal action so that such records and reports were subject to disclosure in a nonlitigation context *(supra,* at 569). Petitioner had no cause of action with regard to Deso's failure to take her complaint so that respondents clearly lacked a reasonable basis for

denying access to records maintained by Deso. Further, respondents lacked a reasonable basis for denying access to Fox's records, since in the absence of filing a notice of claim, any cause against respondent based on Fox's actions was time barred by the time the FOIL request was made.

CASEY, WEISS, MERCURE and HARVEY, JJ., concur.

Judgment affirmed, with costs.