■ In the Matter of TIMOTHY J. RYAN, Respondent, v MASTIC VOLUNTEER AMBULANCE COMPANY, Appellant. [622 NYS2d 795] —In a proceeding pursuant to CPLR article 78 to review a determination of the respondent, the Mastic Volunteer Ambulance Company, dated February 4, 1992, denying the petitioner's request, pursuant to the Freedom of Information Law (Public Officers Law § 84 *et seq.),* for a true copy of a letter signed by five members of the Mastic Volunteer Ambulance Company, requesting a special meeting on December 9, 1991, the appeal is from an order and a judgment (one paper) of the Supreme Court, Suffolk County (Baisley, J.), entered July 16, 1993, which granted the petition and denied the appellant's motion to dismiss the petition on the ground that it is not subject to the Freedom of Information Law.

Ordered that the order and judgment is affirmed, with costs.

There is no merit to the appellant's contention that it is not an agency within the meaning of the Freedom of Information Law (hereinafter FOIL) and, therefore, not subject to its requirements. The definition of agency includes "any * * *

governmental entity performing a governmental * * * function for the state or any one or more municipalities thereof" (Public Officers Law § 86 [3]). The Court of Appeals has rejected any distinction between a volunteer organization on which a local government relies for the performance of an essential public service and an organic arm of government *(see, Matter of Westchester Rockland Newspapers v Kimball,* 50 NY2d 575, 579).

The appellant performs a governmental function, and it performs that function solely for the Mastic Ambulance District, a municipal entity and a municipal subdivision of the Town of Brookhaven (hereinafter the Town). The appellant submits a budget to and receives all of its funding from the Town, and the allocation of its funds is scrutinized by the Town. Thus, the appellant clearly falls within the definition of an agency and is subject to the requirements of FOIL. O'Brien, J. P., Lawrence, Krausman and Florio, JJ., concur.