■ In the Matter of RICHARD CORVETTI, Appellant, v TOWN OF LAKE PLEASANT, Respondent. [657 NYS2d 536] —Spain, J. Appeal from that part of a judgment of the Supreme Court (Best, J.), entered November 22, 1996 in Hamilton County, which dismissed petitioner's application, in a proceeding pursuant to

CPLR article 78, to review a determination of respondent denying petitioner's request for the release of certain documents under the Freedom of Information Law and further denied petitioner's request for counsel fees.

Petitioner is a property owner in the Town of Lake Pleasant, Hamilton County. In May 1995 petitioner received a notice of tentative real property assessment which reflected an increase in his assessment. In mid-July 1995 petitioner applied under the Freedom of Information Law (Public Officers Law art 6 [hereinafter FOIL]) for "a copy of any documents, reports, data or information" which supported the new assessment; the request also noted that petitioner was not requesting a copy of an appraisal performed by Donald Cross, but that he did want to know if that appraisal was the basis of the increased assessment. By letter of July 20, 1995 respondent's Assessor responded that recent sales figures in nearby towns and the Cross appraisal were used to determine the tentative assessment; copies of notes relating to the sales in the nearby towns were also included in the Assessor's response. Significantly, the record reveals that the Assessor, after a public outcry, announced that all proposed increased assessments, including petitioner's, would be withdrawn and that the assessments would be returned to their previous levels.

Thereafter, petitioner became aware that his tentative assessment was reduced to $98,100, which still represented an increase over the previous year's assessed value of $87,100. Seeking more information regarding the increased tentative assessment, petitioner filed an administrative appeal with respondent's Supervisor who responded by informing petitioner that a "clerical error" had been the cause of the tentative assessment of $98,100 and that, once this error was discovered, the assessment on petitioner's property was returned to that of the previous year, $87,100. The Supervisor further explained, "I am unable to give you reasons for an increase in assessment which did not occur." Unsatisfied, petitioner again wrote the Supervisor requesting information concerning the proposed increased tentative assessment. Counsel representing respondent responded that information regarding the proposed, and since withdrawn, increased tentative assessments was exempt from FOIL as it was nonfinal intraagency material.

Petitioner then commenced this proceeding seeking all records regarding the proposed tentative assessment and an award of reasonable counsel fees and costs. Notably, this proceeding was commenced six weeks after petitioner was informed that his assessment on the final roll had been corrected and that

his assessment would remain the same. Supreme Court found that petitioner's request for information was moot because it appeared to the court that petitioner had already received all the records which were available. The court denied petitioner's request for counsel fees. The court did, however, award petitioner costs of $100 (*see,* CPLR 8106, 8202) and disbursements of $326.43. Petitioner appeals.

We affirm. Facing a request for information pursuant to FOIL, the responding entity may either (1) provide the requested information, (2) deny the request and invoke an appropriate exemption (Public Officers Law § 87 [2]), or (3) certify that it does not have the requested information and that it cannot be found. Here, the Assessor promptly responded to petitioner's FOIL request by providing the documents which he claimed to have considered and answering the question posed about the appraisal. In our view, the fact that the Assessor's decision to revalue properties along Lake Pleasant was motivated by recent sales of 19 neighboring lakefront parcels is not significant. There is no evidence in the record that the Assessor's response of July 20, 1995 lacked any documents to which petitioner was entitled. Petitioner's subsequent requests related to a tentative assessment that was admittedly based upon a clerical error; an error which was corrected. As petitioner was in possession of all the records available prior to the correction, we conclude that Supreme Court properly found that the request to compel respondent to produce certain records was moot (*see, Matter of Almodovar v Altschuller,* 232 AD2d 700).

We next conclude that Supreme Court acted within its discretion in denying petitioner's request for an award of counsel fees. "It is well settled that '[a] party may receive counsel fees in a FOIL proceeding when it is established that (1) the petitioner substantially prevailed, (2) the record requested was of "clearly significant interest to the general public", and (3) "the agency lacked a reasonable basis in law for withholding the record" ' " (*Matter of URAC Corp. v Public Serv. Commn.,* 223 AD2d 906, 907, quoting *Matter of Powhida v City of Albany,* 147 AD2d 236, 238, quoting Public Officers Law § 89 [4] [c] [i], [ii]). However, even if these elements are met, an award of counsel fees remains within the discretion of the court (*see, Matter of URAC Corp. v Public Serv. Commn., supra,* at 907; *see also,* Public Officers Law § 89 [4] [c]). Here, as previously discussed, petitioner has not substantially prevailed. Furthermore, there is no evidence that any records were withheld and we agree with Supreme Court that the information

being sought was not of significant interest to the general public (*see, Matter of Friedland v Maloney*, 148 AD2d 814).

Finally, in light of the foregoing, we conclude that petitioner's request for the imposition of sanctions is clearly without merit.

Cardona, P. J., White, Peters and Carpinello, JJ., concur. Ordered that the judgment is affirmed, without costs.