■ In the Matter of THOMAS GRACE et al., Appellants, v CHENANGO COUNTY et al., Respondents. [681 NYS2d 695] —Spain, J. Appeal from that part of a judgment of the Supreme Court (Mugglin, J.), entered August 28, 1997 in Otsego County, which, in a proceeding pursuant to CPLR article 78, denied petitioners' application for counsel fees.

In 1996 and 1997, respondent Chenango County had certain properties surveyed along Papermill Brook in the Village of

New Berlin in connection with "phase 3" of a proposed flood control project. Petitioners, Thomas Grace and Beverly Hettig, each owned a parcel of property that was surveyed and subsequently sought access, under the Freedom of Information Law (Public Officers Law art 6 [hereinafter FOIL]), to the survey maps of their respective parcels. Respondent Robert Briggs, in his capacity as Freedom of Information Appeals Officer for Chenango County (hereinafter respondent), denied their requests.* Petitioners commenced this CPLR article 78 proceeding to review respondent's determination. Supreme Court determined that none of the statutory exemptions (see, Public Officers Law § 87 [2]) protected disclosure of the real property surveys and, therefore, petitioners were entitled to access to the surveys. The court, however, denied petitioners' request for counsel fees under Public Officers Law § 89 (4) (c). Petitioners appeal from the denial of counsel fees.

We affirm. It is well settled that in a FOIL proceeding, petitioners may receive counsel fees if it has been established that (1) they have substantially prevailed on the petition, (2) the record requested was of clearly significant interest to the general public, and (3) the agency lacked a reasonable basis in law for withholding the record (see, Public Officers Law § 89 [4] [c]; Matter of Corvetti v Town of Lake Pleasant, 239 AD2d 841, 843; Matter of URAC Corp. v Public Serv. Commn., 223 AD2d 906, 907; Matter of Powhida v City of Albany, 147 AD2d 236, 238). Here, Supreme Court determined that although petitioners substantially prevailed and that respondent lacked a reasonable basis in law for withholding the surveys, the surveys were not of clearly significant interest to the general public and we agree.

We reject petitioners' contention that the two surveys were of clearly significant interest to the general public based on the fact that six other individuals and a national environmental organization, the Delaware-Otsego County Audubon Society, sought access to the same surveys. We conclude that although the general public might have had some interest in the project, which was the subject of public controversy and eventually abandoned, petitioners did not meet their burden; merely because a handful of others and an environmental organization also sought the surveys does not establish that they were of clearly significant interest to the general public. Moreover, even if all of the statutory requirements are satisfied, an award

---

* Petitioners made numerous FOIL requests for records in connection with the project and, notably, respondent only denied their requests for the survey maps.

of counsel fees still lies within the sound discretion of the trial court (*see, Matter of Corvetti v Town of Lake Pleasant, supra,* at 843-844; *Matter of URAC Corp. v Public Serv. Commn., supra,* at 907; *Matter of Powhida v City of Albany, supra,* at 238-239). In our view, there was no abuse of discretion and therefore there is no reason to disturb Supreme Court's determination (*see, Matter of Corvetti v Town of Lake Pleasant, supra*).

Cardona, P. J., Peters, Carpinello and Graffeo, JJ., concur. Ordered that the judgment is affirmed, without costs.