■ In the Matter of SARAH TODD et al., Appellants, v ARCH CRAIG et al., Constituting the Town Board of the Town of Hebron, et al., Respondents. [697 NYS2d 722] —Carpinello, J. Appeal from a judgment of the Supreme Court (Dier, J.), entered June 9, 1998 in Washington County, which, *inter alia*, in a proceeding pursuant to CPLR article 78, denied petitioners' request for counsel fees.

The limited issue before this Court is whether petitioners, owners of real property in the Town of Hebron, Washington County, who were denied access to tax assessment worksheets completed by respondent Lois Jasek in preparing the Town assessment roll, should have been awarded counsel fees under Public Officers Law § 89 (4) (c). The disputed documents were withheld on the ground that such material constituted Jasek's opinion and recommendation as to assessed value and were predecisional matter. Following denial of their administrative appeals, and to the extent that petitions were timely filed, Supreme Court granted CPLR article 78 relief ordering release of the worksheets, thereby rejecting respondents' claim that they were exempt from disclosure. The court, however, declined petitioners' request for counsel fees on the basis that respondents had a reasonable belief in law for withholding the documents.

In Supreme Court's discretion, petitioners were eligible for an award of counsel fees if they established that they substantially prevailed on the petition, that the requested records

were of clearly significant interest to the general public and that respondents lacked a reasonable basis in law for withholding them (*see*, Public Officers Law § 89 [4] [c]; *Matter of Grace v Chenango County*, 256 AD2d 890). Upon our review of the record, as well as the statutory and decisional authority relied upon by respondents to support their conduct (*see*, Public Officers Law § 87 [2] [g]; *see also*, *Matter of Xerox Corp. v Town of Webster*, 65 NY2d 131 [an agency's predecisional notes and opinions are exempt from disclosure under the Public Officers Law]; *Matter of David v Lewisohn*, 142 AD2d 305, *lv denied* 74 NY2d 610 [same]), we are unable to conclude that respondents lacked a reasonable basis in law for withholding the worksheets. This being the case, an award of counsel fees was unwarranted (*see*, Public Officers Law § 89 [4] [c]; *see also*, *Matter of Ruberti, Girvin & Ferlazzo v New York State Div. of State Police*, 218 AD2d 494, 499-500).

Even in the absence of a reasonable basis in law to withhold the disputed material, we would still be unable to conclude that the decision to deny counsel fees constituted an abuse of Supreme Court's discretion, the standard of review this Court is obligated to apply (*see, e.g.*, *Matter of Corvetti v Town of Lake Pleasant*, 239 AD2d 841, 843; *Matter of URAC Corp. v Public Serv. Commn.*, 223 AD2d 906, 907-908; *Matter of Powhida v City of Albany*, 147 AD2d 236, 239). In this vein, we note that the withheld worksheets constituted but a small portion of petitioners' total Freedom of Information Law requests, which were substantial in nature and otherwise fully complied with by respondents.

Mikoll, J. P., Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.