■ In the Matter of JEREMY W. ALDERSON, Respondent-Appellant, v NEW YORK STATE COLLEGE OF AGRICULTURE AND LIFE SCIENCES AT CORNELL UNIVERSITY et al., Appellants-Respondents. [749 NYS2d 581] —Mugglin, J. (1) Cross appeals from an order of the Supreme Court (Mulvey, J.), entered May 18, 2001 in Tompkins County, which, in a proceeding pursuant to CPLR article 78, inter alia, denied respondents' motion to dismiss the petition for failure to state a cause of action, (2) appeal from an order of said court, entered August 15, 2001 in Tompkins County, which, upon reargument, inter alia, adhered to its prior decision denying respondents' motion to dismiss the petition, and (3) appeal from a judgment of said court, entered January 16, 2002 in Tompkins County, which partially granted petitioner's application, in a proceeding pursuant to CPLR article 78, to disclose certain documents requested under the Freedom of Information Law.

In June 2000, petitioner served respondents New York State College of Agriculture and Life Sciences at Cornell University (hereinafter CALS) and New York State Agricultural Experiment Station at Geneva (hereinafter Ag Station) with multiple requests for information under the Freedom of Information Law (Public Officers Law art 6) (hereinafter FOIL) concerning the development of a proposed agricultural technology park and research on genetically modified organisms. When these requests were refused, this CPLR article 78 proceeding ensued seeking a declaration that respondents are required to comply with petitioner's FOIL requests and an order directing respondents to provide the requested documents. Following denial of a preanswer motion to dismiss the petition on the ground that CALS and Ag Station are constituent parts of respondent Cornell University, a private institution not subject to FOIL requests, respondents filed an answer to the petition containing 11 affirmative defenses. Ultimately, Supreme Court granted the petition and respondents now appeal from the judgment. Respondents also appeal from the two orders denying their motion to dismiss and petitioner has appealed from

one of those orders to the extent that it denied his request for counsel fees and costs.

Initially we note that respondents' appeals from the order denying their motion to dismiss, as well as the subsequent order on reargument, must be dismissed because those orders are not appealable as of right (*see* CPLR 5701 [b] [1]). Respondents' appeal from the final judgment, however, brings up for review his appeals from these orders (*see* CPLR 5501 [a] [1]). For the same reason, petitioner's cross appeal from the order denying him counsel fees and costs must be dismissed (*see* CPLR 5701 [b] [1]). Petitioner, however, failed to appeal from the final judgment. In any event, we find no basis upon which to disturb the exercise of Supreme Court's discretion since respondents had a reasonable basis in law for withholding the requested information (*see Matter of Todd v Craig*, 266 AD2d 626, 627; *Matter of Grace v Chenango County*, 256 AD2d 890, 892). The statute which authorizes an award of counsel fees and costs where a party substantially prevails on such a petition (*see* Public Officers Law § 89 [4] [c]) does not authorize such an award simply due to economic disparity between the competing entities.

Respondents' sole argument is that *Matter of Stoll v New York State Coll. of Veterinary Medicine at Cornell Univ.* (94 NY2d 162) compels the conclusion that these statutory colleges (*see* Education Law §§ 5712, 5713) are not state agencies subject to the mandates of FOIL. Although these statutory colleges are technically part of the State University of New York (hereinafter SUNY) system (*see* Education Law § 352 [3]) and SUNY is an agency under FOIL, they are not automatically thereby deemed state agencies for FOIL purposes (*see Matter of Stoll v New York State Coll. of Veterinary Medicine at Cornell Univ., supra* at 167). Instead, whether the statutory colleges are subject to FOIL depends upon "the particular statutory character of these sui generis institutions" (*id.* at 167).

Initially, we note that the legislative purpose of CALS is to improve the agricultural methods of the state by improving crop production, rearing of livestock and the manufacturing and marketing of dairy and farm products (*see* Education Law § 5712 [1]). To achieve this public purpose, the Legislature has authorized the dissemination of such technical information through a variety of methods, including the publication of bulletins and reports with respect to any of its research in furtherance of agricultural pursuits (*see* Education Law § 5712 [1]). Likewise, the Legislature created the Ag Station to assist the improvement of agriculture in general by scientific investiga-

tion and experiment (*see* Education Law § 5713 [1]). Notably, Cornell, the private institution legislatively charged with the operation of the statutory colleges on behalf of SUNY, is authorized to publicly disseminate the results of any scientific investigation or experiments conducted by the Ag Station (*see* Education Law § 5713 [2]). Here, in contrast to *Matter of Stoll v New York State Coll. of Veterinary Medicine at Cornell Univ.* (*supra*), where the Legislature specifically authorized Cornell to maintain discipline for the statutory colleges as part of its administration, a "private" activity, the legislative scheme surrounding the creation of the statutory colleges involved bears significant indicia of a public function subject to state oversight through the Commissioner of Agriculture. We, therefore, conclude that the information sought by petitioner falls within the "more public aspects of the statutory colleges" (*Matter of Stoll v New York State Coll. of Veterinary Medicine at Cornell Univ., supra* at 168), which is subject to FOIL.

Mercure, J.P., Peters, Carpinello and Rose, JJ., concur. Ordered that the appeals from the orders are dismissed, without costs. Ordered that the judgment is affirmed, without costs.