■ In the Matter of BEECHWOOD RESTORATIVE CARE CENTER et al., Appellants, v JOHN SIGNOR, as Records Access Appeals Officer of New York State Department of Health, et al., Respondents. [784 NYS2d 750]—

Appeal from an order of the Supreme Court, Monroe County (Evelyn Frazee, J.), entered March 17, 2003. The order denied petitioners' application for attorneys' fees in a proceeding pursuant to CPLR article 78.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Petitioners appeal from an order denying their application seeking attorneys' fees in this CPLR article 78 proceeding to compel respondents to respond to requests under the Freedom of Information Law ([FOIL] Public Officers Law art 6). Petitioner Beechwood Restorative Care Center (Beechwood) is a general partnership that operated a skilled nursing facility in Rochester until respondent New York State Department of Health (DOH) revoked its license. Petitioners made 17 FOIL requests to DOH, each seeking more than one item, and some requesting as many as 20 items, primarily relating to the license revocation hearing.

A party may obtain reasonable attorney's fees in a FOIL proceeding if the party establishes that (1) it has "substantially prevailed," (2) the record sought was "of clearly significant interest to the general public," and (3) "the agency lacked a reasonable basis in law for withholding the record" (Public Officers Law § 89 [4] [c] [i], [ii]; *see Matter of Todd v Craig,* 266 AD2d 626, 626-627 [1999], *lv denied* 94 NY2d 760 [2000]; *Matter of Corvetti v Town of Lake Pleasant,* 239 AD2d 841, 843 [1997]; *Matter of Powhida v City of Albany,* 147 AD2d 236, 238 [1989]). Even if the party meets those requirements, the award of attorney's fees remains discretionary with Supreme Court (*see Todd,* 266 AD2d at 626-627; *Matter of Grace v Chenango County,* 256 AD2d 890, 891-892 [1998]; *Powhida,* 147 AD2d at 238-239).

Assuming, arguendo, that petitioners established that they substantially prevailed in that they obtained over 800 pages of documents as a result of this proceeding, we conclude that they

failed to establish that the requested documents were of clearly significant interest to the general public. Although the closing of Beechwood was of significant interest to the general public, the documents sought by petitioners were not. It is apparent that petitioners sought those documents to support their federal action against employees of DOH. In addition, petitioners failed to establish that respondents lacked a reasonable basis for withholding the records. Although DOH delayed in responding to petitioners' requests, thus prompting this proceeding, the court ruled in favor of DOH on all privileges asserted by it.

In any event, even if petitioners met the requirements of Public Officers Law § 89 (4) (c), the court did not abuse its discretion in declining to award attorneys' fees under the facts of this case. Petitioners sought hundreds of documents in their FOIL requests, many of which required clarification before DOH could comply. In addition, many of the documents requested by petitioners were already in their possession as a result of the revocation hearing.

We reject the contention of petitioners that the court erred in denying their application insofar as it sought attorneys' fees pursuant to the New York State Equal Access to Justice Act ([EAJA] CPLR art 86). Pursuant to the EAJA, in certain actions against the State, a court may award attorney's fees to a prevailing party other than the State, "except as otherwise specifically provided by statute," unless the court finds that the position of the State was substantially justified or that special circumstances make an award unjust (8601 [a]). The standards for attorney's fees pursuant to the EAJA and Public Officers Law § 89 (4) (c) are similar in that both require the party seeking the fees to establish that it prevailed in the action and that the actions of the other party were not justified. However, Public Officers Law § 89 (4) (c) further requires the party seeking attorney's fees to establish that the documents sought pursuant to the FOIL request were of clearly significant interest to the general public. "In the construction of a statute, meaning and effect should be given to all its language, if possible, and words are not to be rejected as superfluous when it is practicable to give to each a distinct and separate meaning" (McKinney's Cons Laws of NY, Book 1, Statutes § 231; *see Cohen v Lord, Day & Lord,* 75 NY2d 95, 100 [1989]). In addition, "statutes relating to the same subject matter must be construed together unless a contrary legislative intent is expressed, and courts must harmonize the related provisions in a way that renders them compatible" (*Matter of Tall Trees Constr. Corp. v Zoning Bd. of Appeals of Town of Huntington,* 97 NY2d 86, 91 [2001]). If a

party were allowed to seek attorney's fees pursuant to the EAJA with regard to a FOIL request, then that would render the clearly significant interest to the general public requirement in Public Officers Law § 89 (4) (c) meaningless. Thus, consistent with CPLR 8601 (a) and principles of statutory construction, Public Officers Law § 89 (4) (c), not the EAJA, is to be applied when a party seeks attorney's fees with regard to FOIL requests. Present—Pine, J.P., Scudder, Kehoe, Martoche and Lawton, JJ.