■ In the Matter of HENRY SCHEIN, INC., Appellant, v ANDREW S. ERISTOFF, as Commissioner of Taxation and Finance, Respondent. [827 NYS2d 718]—

Spain, J. Appeal from a judgment of the Supreme Court (Ceresia, Jr., J.), entered October 6, 2005 in Albany County, which, in a proceeding pursuant to CPLR article 78, inter alia, denied petitioner's request for counsel fees.

This proceeding arises from a sales and use tax audit of petitioner, a corporate distributor of health care products, conducted by the Department of Taxation and Finance covering the period of March 1993 through November 1999. During the course of the audit, a dispute arose concerning the validity of petitioner's consent to extend the statute of limitations with respect to the Department's ability to assess additional sales and use taxes (*see* Tax Law § 1147 [c]).

In August 2004, pursuant to the Freedom of Information Law (hereinafter FOIL; *see* Public Officers Law art 6), petitioner requested all documentation utilized or prepared by the Department during the audit, including all documents used by the Department "during it[s] review of [petitioner's] claim that the . . . [c]onsent signed by its Tax Director is invalid to extend the limitations period" as provided under the Tax Law. In its initial response to the request, the Department sent petitioner 1,121 pages of documents, but withheld another 287 as exempt from FOIL for specified reasons (*see* Public Officers Law § 87 [2]). As the result of an administrative appeal, the Department provided petitioner with an additional five pages of documentation. Petitioner then commenced this CPLR article 78 proceeding. At oral argument, in response to petitioner's production of a power of attorney form, the Department disclosed an additional 101 pages. Then, after an in camera review of the remaining 181 documents in dispute, Supreme Court granted the petition to the extent of directing the Department to disclose 17 additional pages. The court denied petitioner's request for counsel fees. Petitioner appeals only from the portion of Supreme Court's judgment denying counsel fees.

We affirm. Reasonable counsel fees "may" be awarded by the court in a FOIL proceeding where the litigant has "substantially prevailed," where the court finds that the record involved was

"of clearly significant interest to the general public" and where "the agency lacked a reasonable basis in law for withholding the record" (Public Officers Law § 89 [4] [c]; *see Matter of Beechwood Restorative Care Ctr. v Signor*, 5 NY3d 435, 441 [2005]). Significantly, even when these statutory prerequisites are met, the decision to grant or deny counsel fees still lies within the discretion of the court (*see Matter of Todd v Craig*, 266 AD2d 626, 627 [1999], *lv denied* 94 NY2d 760 [2000]; *Matter of Corvetti v Town of Lake Pleasant*, 239 AD2d 841, 843 [1997]).

Here, we find no abuse of discretion in Supreme Court's decision to deny counsel fees. The primary purpose for petitioner's FOIL request was to obtain evidence to support its argument that the consent to a time extension given the Department during the audit was ineffective because it was given by an unauthorized employee of petitioner (*see* Tax Law § 1147 [b], [c]). We agree with Supreme Court that these case-specific documents are not of significant interest to the public in general (*see Matter of Beechwood Restorative Care Ctr. v Signor, supra* at 441; *Matter of Beyah v Goord*, 309 AD2d 1049, 1053 [2003]; *Matter of Grace v Chenango County*, 256 AD2d 890, 891-892 [1998]). Further, the court's decision to order the release of 17 pages of the remaining 181 pages in dispute does not, in our view, necessarily indicate that petitioner "substantially prevailed" in the dispute or that the Department lacked a reasonable basis for withholding them (*see Matter of Todd v Craig, supra* at 627; *Matter of Corvetti v Town of Lake Pleasant, supra* at 843; *Matter of URAC Corp. v Public Serv. Commn. of State of N.Y.*, 223 AD2d 906, 907-908 [1996]).

Cardona, P.J., Mercure, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.