In the Matter of ELLEN REESE et al., Respondents, v RICHARD F. DAINES, Commissioner of Health of State of New York, Respondent, and BOARD OF TRUSTEES OF "UNIFIED GOVERNANCE STRUCTURE" JOINING ERIE COUNTY MEDICAL CENTER AND KALEIDA HEALTH SYSTEMS et al., Appellants. [877 NYS2d 801]—

Appeal from a judgment (denominated order) of the Supreme Court, Erie County (Patrick H. NeMoyer, J.), entered September 15, 2008 in a proceeding pursuant to CPLR article 78. The judgment, insofar as appealed from, granted the petition in part.

It is hereby ordered that the judgment so appealed from is unanimously modified on the law by vacating the award of attorneys' fees and costs and as modified the judgment is affirmed without costs.

Memorandum: Petitioners commenced this CPLR article 78 proceeding seeking, inter alia, to compel respondents to comply with the provisions of the Open Meetings Law ([OML] Public Officers Law art 7) and the Freedom of Information Law ([FOIL] Public Officers Law art 6). Contrary to the contention of respondents-appellants (hereafter, respondents), Supreme Court properly determined that they are public bodies within the meaning of the OML and thus are subject thereto. "[A] realistic appraisal of [the] functional relationship [of respondents] to affected parties and constituencies" establishes that respondent Western New York Health System, Inc. (WNYHS) performs a quintessentially governmental function, as did respondent Board of Trustees before it, by overseeing the merger and consolidation of services of the Erie County Medical Center Corporation (ECMCC), a public benefit corporation, with a privately owned entity (*Matter of Smith v City Univ. of N.Y.*, 92 NY2d 707, 713 [1999], *rearg denied* 93 NY2d 889 [1999]; *see Matter of Perez v City Univ. of N.Y.*, 5 NY3d 522, 528-529 [2005]). Indeed, the record establishes that WNYHS has final decision-making authority to carry out that function, including control of the public funding received by ECMCC (*see Matter of Holden v Board of Trustees of Cornell Univ.*, 80 AD2d 378, 380-381 [1981]). Thus, respondents cannot be deemed to be mere advisory bodies exempt from the OML's requirements (*see Smith*, 92 NY2d at 713; *see generally Matter of Syracuse United Neighbors v City of Syracuse*, 80 AD2d 984, 984-985 [1981]). We further conclude that the court properly determined that WNYHS will be considered a public body subject to the OML's requirements until the merger of ECMCC and the privately owned "Kaleida hospitals" is completed and ECMCC is no longer a public benefit corporation. Further, as respondents correctly concede, it necessarily follows that they are also public agencies for the purposes of FOIL (*see* Public Officers Law § 86 [3]; *see generally Matter of Wm. J. Kline & Sons v County of Hamilton*, 235 AD2d 44, 45-46 [1997]).

We agree with respondents, however, that the court abused its discretion in awarding attorneys' fees and costs pursuant to the OML and FOIL, and we therefore modify the judgment accordingly. Respondents did not engage in "a persistent pattern of deliberate violations of the [OML]" (*Matter of Goetschius v Board of Educ. of Greenburgh Eleven Union Free School Dist.*, 244 AD2d 552, 554 [1997]; *see also* Public Officers Law § 107 [2]; *Matter of Gordon v Village of Monticello*, 87 NY2d 124, 128 [1995]; *Matter of Canandaigua Messenger v Wharmby*, 292 AD2d 835 [2002]), and they had a "reasonable basis for denying access" to the documents requested pursuant to FOIL (Public

Officers Law § 89 [4] [c] [i]; *see Canandaigua Messenger*, 292 AD2d 835 [2002]). Present—Scudder, P.J., Peradotto, Carni, Green and Gorski, JJ. [*See* 20 Misc 3d 1145(A), 2008 NY Slip Op 51879(U) (2008).]