[927 NYS2d 423]

In the Matter of NEW YORK STATE DEFENDERS ASSOCIATION, Appellant, v NEW YORK STATE POLICE et al., Respondents.

Third Department, July 7, 2011

## APPEARANCES OF COUNSEL

*Andrew L. Kalloch, New York Civil Liberties Union Foundation*, New York City, for appellant.

*Eric T. Schneiderman, Attorney General*, Albany (*Frank K. Walsh* of counsel), for respondents.

## OPINION OF THE COURT

STEIN, J.

Petitioner made a request to respondent New York State Police pursuant to the Freedom of Information Law (*see* Public Officers Law art 6 [hereinafter FOIL]) for information on its policies relating to electronic recording of custodial interviews, interrogations, confessions and statements. Respondent Laurie Wagner, State Police Records Access Officer, timely denied the request on the basis that the records sought were exempt from disclosure. After an unsuccessful administrative appeal, petitioner commenced this CPLR article 78 proceeding, seeking an order directing respondents to comply with the FOIL request and an award of counsel fees and costs, among other things. Respondents answered the petition and, because all of the records requested by petitioner were attached to the answer, sought dismissal of the proceeding on the basis that it was now moot. Supreme Court dismissed the petition as moot and denied petitioner's request for counsel fees. Petitioner now appeals.[1]

---

1. Inasmuch as Supreme Court's judgment indicates that petitioner agreed that the portion of the petition seeking compliance with its FOIL request is moot and petitioner does not advance any arguments on appeal relative to that issue, any objection in that regard is deemed abandoned (*see Matter of Gathers v Artus*, 59 AD3d 795 [2009]). Therefore, the issue before us concerns only the propriety of the denial of petitioner's request for an award of counsel fees.

As relevant here, a court *may* award counsel fees and other litigation costs to a litigant who substantially prevails in a FOIL case if the court finds that "the agency had no reasonable basis for denying access" to the records sought (Public Officers Law § 89 [4] [c] [i]). A pertinent consideration in determining whether an agency had a reasonable basis for denying a FOIL request is whether the agency reasonably claimed the records were exempt from disclosure under Public Officers Law § 87 (2), although the denial may still have been reasonable even if the records are ultimately deemed not to be exempt (*see Matter of Niagara Envtl. Action v City of Niagara Falls*, 63 NY2d 651, 652 [1984], *affg* 100 AD2d 742 [1984]; *Matter of Miller v New York State Dept. of Transp.*, 58 AD3d 981, 985 [2009], *lv denied* 12 NY3d 712 [2009]; *Matter of Humane Socy. of U.S. v Fanslau*, 54 AD3d 537, 538-539 [2008]; *Matter of Henry Schein, Inc., v Eristoff*, 35 AD3d 1124, 1125-1126 [2006]). Furthermore, we have previously held that, even if the statutory requirements are met, an award of counsel fees is still discretionary and a court's determination will not be disturbed absent an abuse of such discretion (*see Matter of Capital Newspapers Div. of Hearst Corp. v City of Albany*, 63 AD3d 1336, 1339 [2009], *mod on other gounds* 15 NY3d 759 [2010]; *Matter of Powhida v City of Albany*, 147 AD2d 236, 238-239 [1989]).

Initially, we reject respondents' contention that petitioner did not substantially prevail in this proceeding because respondents ultimately provided the records sought on a voluntary basis in the absence of a consent decree or judgment of Supreme Court. While the fact that respondents disclosed the requested documents upon the commencement of this proceeding and without the need for further or substantial judicial intervention (*compare Matter of New York Civ. Liberties Union v City of Saratoga Springs*, 87 AD3d 336 [2011] [decided herewith]) is a factor to be considered in determining whether, in an exercise of Supreme Court's discretion, an award of counsel fees ultimately may be appropriate here, the "voluntariness" of such disclosure is irrelevant to the issue of whether petitioner substantially prevailed in this proceeding. Indeed, to allow a respondent to automatically forestall an award of counsel fees simply by releasing the requested documents before asserting a defense would contravene the very purposes of FOIL's fee-shifting provision[2] (*see Matter of Global Tel\*Link v State of N.Y. Dept. of Correctional*

---

2. The counsel fee provision was first added to FOIL in 1982, based upon the Legislature's recognition that persons denied access to documents must

*Servs.*, 68 AD3d 1599, 1601 [2009]; *Matter of Powhida v City of Albany*, 147 AD2d at 239). Here, inasmuch as petitioner received all the information that it requested and to which it was entitled in response to the underlying FOIL litigation, it may be said to have substantially prevailed within the meaning of Public Officers Law § 89 (4) (c).[3]

We turn next to the question of whether a reasonable basis existed for initially withholding the records sought by petitioner (*see* Public Officers Law § 89 [4] [c] [i]; *Matter of Beechwood Restorative Care Ctr. v Signor*, 5 NY3d 435, 441 [2005]). The denial of petitioner's FOIL request was predicated on an exemption from compliance with FOIL requests pertaining to records, or portions thereof, "compiled for law enforcement purposes . . . which, if disclosed, would . . . reveal criminal investigative techniques or procedures" that are nonroutine (Public Officers Law § 87 [2] [e] [iv]). "To ensure maximum access to government documents, the 'exemptions are to be narrowly construed, with the burden resting on the agency to demonstrate that the requested material indeed qualifies for exemption' " (*Matter of Gould v New York City Police Dept.*, 89 NY2d 267, 275 [1996], quoting *Matter of Hanig v State of N.Y. Dept. of Motor Vehs.*, 79 NY2d 106, 109 [1992]). In fact, "blanket exemptions . . . are inimical to FOIL's policy of open government" (*Matter of Gould v New York City Police Dept.*, 89 NY2d at 275).

engage in costly litigation to obtain them and that "[c]ertain agencies have adopted a 'sue us' attitude in relation to providing access to public records," thereby violating the Legislature's intent in enacting FOIL to foster open government (Assembly Mem in Support, at 1, Bill Jacket, L 1982, ch 73). The provision was subsequently amended—by eliminating one requirement and adding another possible basis for recovery—in order to "create a clear deterrent to unreasonable delays and denials of access [and thereby] encourage every unit of government to make a good faith effort to comply with the requirements of FOIL" (Senate Introducer's Mem in Support, Bill Jacket, L 2006, ch 492, at 5).

3. Respondents' reliance on *Matter of Vetter v Board of Educ., Ravena-Coeymans-Selkirk Cent. School Dist.* (53 AD3d 847, 849 [2008], *mod on other grounds* 14 NY3d 729 [2010]) is misplaced, as that case concerned a prevailing party's entitlement to counsel fees under 42 USC § 1988. In light of, among other things, its underlying legislative history, that statute has been interpreted to require some sort of court-ordered change in the parties' legal relationship, i.e., a consent decree or judgment, before counsel fees may be awarded thereunder. No similar requirement may be gleaned from a review of the legislative history accompanying Public Officers Law § 89 (4) (*see* n 2, *supra*) and, therefore, petitioner here was not required to obtain an adjudication on the merits in Supreme Court in order to be found to have substantially prevailed.

Upon our review of this record, we cannot say that it was reasonable for respondents to issue a blanket denial of petitioner's document request. The argument that there was a reasonable basis to believe that the records were exempt from disclosure is belied by the virtually immediate release of the requested information upon commencement of this proceeding. Furthermore, our independent review of the records reveals that, at most, respondents could have reasonably believed that a small portion of the records was exempt. However, respondents have failed to articulate any persuasive reason why the records could not have been redacted and the portions that were not exempt from disclosure turned over (*see* Public Officers Law § 87 *et seq.*). Thus, we find that Supreme Court erred in determining that respondents had a reasonable basis for withholding the entirety of the records sought (*compare Matter of Miller v New York State Dept. of Transp.*, 58 AD3d at 985; *Matter of Henry Schein, Inc. v Eristoff*, 35 AD3d at 1126). Inasmuch as Supreme Court's denial of an award of counsel fees was based on its erroneous conclusion that the statutory prerequisites were not satisfied and, hence, that it lacked the authority to make such an award (*see Matter of Beechwood Restorative Care Ctr. v Signor*, 5 NY3d at 441), we remit the matter to that court to determine, in its discretion, whether such an award is appropriate and, if so, the reasonable amount thereof.

Rose, J.P., Malone Jr., McCarthy and Egan Jr., JJ., concur.

Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as denied petitioner's request for counsel fees; matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.