■ In the Matter of CHRISTINE A. HAYES et al., Appellants, v CHESTERTOWN VOLUNTEER FIRE COMPANY, INC., et al., Respondents. [941 NYS2d 734]—

Peters, J.P. Appeal from a judgment of the Supreme Court (Krogmann, J.), entered January 20, 2011 in Warren County, which partially dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to, among other things, review determinations of respondent Chestertown Volunteer Fire Company, Inc. partially denying petitioners' Freedom of Information Law requests.

In 2010, petitioners filed several requests pursuant to the Freedom of Information Law (*see* Public Officers Law art 6 [hereinafter FOIL]) seeking a host of documents from respondent Chestertown Volunteer Fire Company, Inc. (hereinafter CVFC). While maintaining that it was a private corporation not subject to the requirements of FOIL, CVFC agreed to provide certain of the requested records for petitioners' inspection.

Petitioners thereafter filed additional and duplicative FOIL requests and administratively appealed CVFC's constructive denial of those requests. On July 6, 2010, petitioners entered a meeting of CVFC held in a public firehouse. Respondent Jack Crossman, the Chief of the Chestertown Fire Department, requested that they leave and, when they refused, sought assistance from law enforcement authorities.

Petitioners then commenced this CPLR article 78 proceeding seeking to compel respondents to comply with their numerous FOIL requests and the Open Meetings Law (*see* Public Officers Law art 7), as well as an award of counsel fees and litigation costs. Respondents moved to dismiss the petition, and petitioners cross-moved for a default judgment on the ground that respondents failed to timely answer the petition. Supreme Court denied petitioners' cross motion for a default judgment, dismissed the petition as against Crossman for failure to state a cause of action, found that the Open Meetings Law was not applicable to the meetings held by CVFC and ordered CVFC to submit the documents requested by petitioners to the court for an in camera review so that it could redact any records containing "non-firematic" information. Petitioners now appeal.

We agree with petitioners that, to the extent Supreme Court's FOIL determination differentiated between records concerning public, or "firematic," and private functions of CVFC, this was error. Supreme Court initially found, and respondents have conceded, that CVFC is an "agency" subject to the requirements of FOIL (*see Matter of Westchester Rockland Newspapers v Kimball*, 50 NY2d 575, 579-580 [1980]; *see also Matter of Ryan v Mastic Volunteer Ambulance Co.*, 212 AD2d 716, 716-717 [1995], *lv denied* 88 NY2d 804 [1996]). The court then determined that, because CVFC engages in both governmental and private activities, the records of its nongovernmental functions are not subject to FOIL's disclosure requirements. "There is, however, no language in the statute itself and nothing in the legislative history suggesting that the Legislature intended such content-based limitation in defining the term 'record' " (*Matter of Capital Newspapers, Div. of Hearst Corp. v Whalen*, 69 NY2d 246, 253 [1987]). To the contrary, the Court of Appeals has consistently held that "FOIL's scope is not to be limited based on 'the purpose for which the document was produced or the function to which it relates' " (*id.*, quoting *Matter of Westchester Rockland Newspapers v Kimball*, 50 NY2d at 581; *accord Matter of Citizens for Alternatives to Animal Labs v Board of Trustees of State Univ. of N.Y.*, 92 NY2d 357, 361 [1998]; *see Matter of Encore Coll. Bookstores v Auxiliary Serv. Corp. of State Univ. of*

*N.Y. at Farmingdale*, 87 NY2d 410, 417 [1995]; *Matter of Russo v Nassau County Community Coll.*, 81 NY2d 690, 697-698 [1993]; *Matter of Washington Post Co. v New York State Ins. Dept.*, 61 NY2d 557, 564 [1984]). Having determined that CVFC is an "agency" subject to FOIL, Supreme Court was required to order disclosure of the requested records—without regard to whether they related to governmental or nongovernmental functions—unless one of the exceptions set forth in Public Officers Law § 87 (2) was applicable (*see Matter of Citizens for Alternatives to Animal Labs v Board of Trustees of State Univ. of N.Y.*, 92 NY2d at 362; *Matter of Encore Coll. Bookstores v Auxiliary Serv. Corp. of State Univ. of N.Y. at Farmingdale*, 87 NY2d at 418; *Matter of Westchester Rockland Newspapers v Kimball*, 50 NY2d at 580). Because CVFC has not claimed the benefit of any FOIL exemption, it must make the requested records available (*see Matter of Encore Coll. Bookstores v Auxiliary Serv. Corp. of State Univ. of N.Y. at Farmingdale*, 87 NY2d at 418).

Notwithstanding our conclusion, we are unpersuaded that Supreme Court erred in denying petitioners' request for counsel fees and litigation costs. "Reasonable counsel fees 'may' be awarded by the court in a FOIL proceeding where the litigant has 'substantially prevailed,' where the court finds that the record involved was 'of clearly significant interest to the general public' and where 'the agency lacked a reasonable basis in law for withholding the record' " (*Matter of Henry Schein, Inc., v Eristoff*, 35 AD3d 1124, 1125-1126 [2006], quoting Public Officers Law § 89 [4] [c]; *see Matter of Grace v Chenango County*, 256 AD2d 890, 891 [1998]). Even where all of the statutory requirements have been met, however, "the decision whether to award counsel fees rests in the discretion of the court and will not be overturned in the absence of an abuse of such discretion" (*Matter of New York Civ. Liberties Union v City of Saratoga Springs*, 87 AD3d 336, 338 [2011]; *see Matter of Capital Newspapers Div. of Hearst Corp. v City of Albany*, 63 AD3d 1336, 1339 [2009], *mod on other grounds* 15 NY3d 759 [2010]; *Matter of Grace v Chenango County*, 256 AD2d at 891-892; *Matter of Legal Aid Socy. of Northeastern N.Y. v New York State Dept. of Social Servs.*, 195 AD2d 150, 153-154 [1993]). Here, after being inundated with FOIL requests by petitioners, CVFC provided petitioners with certain records while denying them access to others. Although petitioners substantially prevailed on the petition and CVFC's partial denial was arguably without basis, the documents being sought are not of significant interest to the general public. Thus, we cannot say that Supreme Court abused its discretion (*see Matter of Beechwood Restorative Care Ctr. v Signor*, 5 NY3d 435, 442 [2005]; *Matter*

*of Beyah v Goord*, 309 AD2d 1049, 1053 [2003]; *Matter of Todd v Craig*, 266 AD2d 626, 627 [1999], *lv denied* 94 NY2d 760 [2000]; *Matter of Grace v Chenango County*, 256 AD2d at 891-892).

While CVFC is an "agency" under FOIL, it is not a "public body" subject to the Open Meetings Law.[1] Thus, its monthly meetings need not be open to the public. The Open Meetings Law requires that "[e]very meeting of a public body . . . be open to the general public" (Public Officers Law § 103 [a]), and defines "public body" as "any entity, for which a quorum is required in order to conduct public business and which consists of two or more members, performing a governmental function for the state or for an agency or department thereof" (Public Officers Law § 102 [2]). In enacting the Open Meetings Law, the Legislature sought to ensure that "public business be performed in an open and public manner and that the citizens of this state be fully aware of and able to observe the performance of public officials and attend and listen to the deliberations and decisions that go into the making of public policy" (Public Officers Law § 100). In determining whether CVFC is a "public body," we focus upon "the authority under which the entity was created, the power distribution or sharing model under which it exists, the nature of its role, the power it possesses and under which it purports to act, and a realistic appraisal of its functional relationship to affected parties and constituencies" (*Matter of Smith v City Univ. of N.Y.*, 92 NY2d 707, 713 [1999]; *accord Matter of Perez v City Univ. of N.Y.*, 5 NY3d 522, 528 [2005]; *Matter of Snyder v Third Dept. Jud. Screening Comm.*, 18 AD3d 1100, 1101 [2005], *lv denied* 5 NY3d 711 [2005]).

In arguing that CVFC is subject to the Open Meetings Law, petitioners conflate the Chestertown Fire District (hereinafter the Fire District) and CVFC. There is no dispute that the Fire District, as a political subdivision of the state (*see* Town Law § 174 [7]), is a "public body" subject to the Open Meetings Law. The Fire District and, specifically, the Board of Fire Commissioners elected from the eligible voters of the Fire District, is vested with total supervision and control over virtually all aspects of the staffing of fire companies, as well as over the rules and regulations governing firefighting practices and procedures (*see* Town Law § 176; *see also* N-PCL 1402 [e] [1]). As a "district corporation" (Town Law § 174 [7]), the Fire

---

1. Notably, the fact that CVFC is an "agency" under FOIL is not determinative of whether it is a "public body" under the Open Meetings Law (*see Matter of Citizens for Alternatives to Animal Labs v Board of Trustees of State Univ. of N.Y.*, 92 NY2d at 362).

District also possesses the power to contract indebtedness and levy taxes (*see* General Construction Law § 66 [3]), and is solely responsible for overseeing the expenditures used to provide fire protection services within the district (*see* Town Law § 176).

In contrast, CVFC is a private, not-for-profit corporation organized as a charitable organization under the Not-For-Profit Corporation Law and governed by its constitution and bylaws (*see* N-PCL 201, 1402 [e] [1]). It is governed by officers that are self-elected and distinct from those comprising the Board of Fire Commissioners. Although its volunteer members are deemed employees of the Fire District when engaged in firefighting activities (*see* Town Law § 174 [7]), they are not "public officers" (Public Officers Law § 3 [5]). Other than serving as the labor force for the Fire District when an alarm of fire or other public emergency arises, the members of CVFC have no authority to dictate firefighting policy or procedure or to make any decisions regarding the expenditure of public funds (*compare Matter of Perez v City Univ. of N.Y.*, 5 NY3d at 529-530; *Matter of Smith v City Univ. of N.Y.*, 92 NY2d at 714-715). Rather, as previously noted, it is the Fire District that is charged with such functions and the responsibility of providing fire protection for the district, and there is no evidence that the Fire District has delegated, or could delegate, any of its statutory responsibilities to CVFC. The record evidence also establishes that, unlike the meetings of the Board of Fire Commissioners of the Fire District where the official government business of the Fire District is conducted, the meetings of CVFC relate to its internal affairs and the social, recreational and benevolent activities that it undertakes in furtherance of its charitable purpose. CVFC receives no public funds for such events and activities, which are instead supported through fundraising and donations from private sources. Based upon this record, we conclude that CVFC is not a "public body" under the Open Meetings Law (*see Goodson Todman Enters. v Town Bd. of Milan*, 151 AD2d 642, 643 [1989], *lv denied* 74 NY2d 614 [1989]; *compare Matter of Perez v City Univ. of N.Y.*, 5 NY3d at 529-530; *Matter of Smith v City Univ. of N.Y.*, 92 NY2d at 713-715; *Matter of Reese v Daines*, 62 AD3d 1254, 1255 [2009]).[2]

Finally, given our conclusion that the meetings held by CVFC

---

**2.** As for petitioners' contention that Supreme Court failed to accord the requisite deference to certain advisory opinions issued by the Committee on Open Government, those writings are not binding authority and need only be considered with respect to "the strength of their reasoning and analysis" (*Matter of TJS of N.Y., Inc. v New York State Dept. of Taxation & Fin.*, 89 AD3d 239, 242 n [2011]; *see Matter of Buffalo News v Buffalo Enter. Dev. Corp.*, 84 NY2d 488, 493 [1994]; *Matter of John P. v Whalen*, 54 NY2d 89, 96

are not subject to the Open Meetings Law, and inasmuch as petitioners failed to provide any competent proof that Crossman is responsible for responding to FOIL requests served on CVFC, the petition was properly dismissed against him (*see generally Matter of Brown v Foster*, 73 AD3d 917, 918 [2010], *lv denied* 15 NY3d 710 [2010]).

Rose, Kavanagh, Garry and Egan Jr., JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as found that petitioners were not entitled to those records of respondent Chestertown Volunteer Fire Company containing "non-firematic" information; matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.

 [1981]; *Matter of Town of Waterford v New York State Dept. of Envtl. Conservation*, 77 AD3d 224, 230 n 5 [2010], *lv dismissed* 15 NY3d 906 [2010]). As the Committee's opinions were grounded upon certain factual inaccuracies and uncertainties, deference was not required.