OPINION OF THE COURT
William R. LaMarca, J.
Requested Relief
In this CPLR article 78 proceeding, petitioner Timothy Archdeacon seeks a judgment annulling the final determination of respondents which denied petitioner’s request to copy the annual statement of financial disclosure pursuant to Code of the Town of Oyster Bay (Ethics Code) § 30-16 (M) (1), and alleges that said determination violates Public Officers Law § 87 (2). Petitioner further seeks an order directing respondents to provide him with such documents, pursuant to Public Officers Law § 89 (4) (c), and to pay reasonable attorney’s fees and litigation costs for this proceeding.
Respondents, Town of Oyster Bay, Town of Oyster Bay Board of Ethics, John Venditto, Supervisor for the Town of Oyster Bay, and Gregory J. Giammalvo, Attorney for the Town of Oyster Bay, move to dismiss the petition, pursuant to CPLR 3211 (a) (7) and 7804 (f), based upon an objection in point of law. Respondents assert that (1) the Codes, Rules and Regulations of the State of New York explicitly prohibits the photocopying of annual statements of financial disclosure (9 NYCRR 9978.6 [c], [d]); (2) Town Code § 30-16 (M) (1) is not arbitrary or capricious with respect to public inspection of documents without photocopying; (3) the petition fails to state a cause of action; and (4) the petitioner’s claim is time-barred. The matter is determined as follows:
Background
Petitioner states that this matter arises under article 6 of the Public Officers Law, commonly referred to as the Freedom of Information Law (Public Officers Law § 84 et seq. [hereinafter referred to as FOIL]). It appears that on April 21, 2005, petitioner submitted a written request to the Town and the Board of Ethics for, inter alia, a copy of the current annual statement of financial disclosure for all members of the Town *440 Board, as allowed under article 18, former § 813, of the General Municipal Law, entitled “Conflicts of Interest of Municipal Officers and Employees.” General Municipal Law former § 813 established a temporary state commission on local government ethics with defined functions, powers and duties, to, inter alia, make available forms for financial disclosure required to be filed pursuant to General Municipal Law § 812, to review the completed forms, to receive complaints alleging violations, and to permit any person required to file a financial disclosure statement to delete from the copy made for public inspection one or more items of information. The statute provided that the temporary commission was to advise and assist any local agency in establishing rules and regulations relating to possible conflicts between private interests and official duties of present or former local elected officials, political party officials and local officers and employees. The codification of section 813 reflects that the section expired on December 31, 1992, when the assignment and development of powers, duties and functions from the temporary state commission was transferred to the respective boards of ethics or other governing bodies.
By letter, dated April 27, 2005, the Town Clerk acknowledged receipt of petitioner’s FOIL request No. 13274, and thereafter, by letter dated May 20, 2005, petitioner was notified that the FOIL documents were available for inspection at the Town Clerk’s Office, located in Oyster Bay. Also included with the letter was a Board of Ethics form entitled “Request for Public Inspection,” which required petitioner’s signature prior to inspection of the records. The form clearly stated that the records were not available for photocopying, although handwritten notes could be taken, and that the statement of financial disclosure could not be removed from the custody and control of the statements access officer. Thereafter, by letter dated May 23, 2005, petitioner’s counsel wrote to the Town Attorney and to the Town Clerk advising that, pursuant to section 187-6 (D) of the Code of the Town of Oyster Bay, petitioner had elected to treat the nonproduction of documents as a denial of access, with the letter to serve as an appeal thereof, pursuant to section 187-7 of the Code. Respondents state that no written response to this appeal letter was ever made by the Town.
In what respondents describe as a second set of FOIL requests, petitioner, by letter dated June 24, 2005, once again requested a complete copy of the same annual financial disclosure statements for all current members of the Town *441 Board, and also referred respondents to a FOIL Advisory Opinion from the State of New York Department of State Committee on Open Government, issued by Executive Director Robert Freeman (2002 Ops Comm on Open Govt No. FOIL-AO-13559), which petitioner claims held that “whenever access to a record is granted, photocopying of that record must also be granted.” On June 24, 2005, the Town forwarded a letter acknowledging receipt of the information requested (FOIL request No. 13378), and by letter dated July 25, 2005, advised petitioner that the records were available for inspection. Once again, a Board of Ethics “Request for Public Inspection” form was included as well as a letter from the Board of Ethics chairman which informed petitioner that the Town was not mandated by FOIL to provide photocopies of the requested information. On August 1, 2005, petitioner sent a letter to the Town Clerk stating that the Board of Ethics letter denied him access to photocopies of the financial disclosure statements and that petitioner deemed the letter to be a notice of appeal to the Town. Petitioner asserted that, according to Executive Law § 94 (17), he was entitled to complete photocopies of the financial disclosure statements and that the only items the law allows to be omitted are the specific monetary values contained therein.
By letter dated August 5, 2005, the Town denied petitioner’s appeal and reiterated that the requested documents were available for inspection only, and not photocopying. The Town Attorney stated that the Executive Law cited by petitioner only applied to financial disclosure statements filed by statewide elected officials, state officers and employees who file with the State Ethics Commission, and clearly indicated that those statements were only available for inspection, not copying. Moreover, the Town Attorney pointed out that General Municipal Law § 811 (1) (c) authorized the governing body of a municipality to establish “rules and regulations pursuant to local law, ordinance or resolution, which rules or regulations may provide for the public availability of items . . . and such other powers as are conferred upon the temporary state commission on local government” and that General Municipal Law § 811 (1) (d) gave a local board of ethics the same ability to promulgate rules and regulations as the commission.
Petitioner’s Contentions
In support of the instant petition to annul respondent’s final determination, which petitioner claims is the August 5, 2005 denial, counsel for petitioner asserts that he is entitled to a copy *442 of the records under FOIL, pursuant to Public Officers Law § 87 (2), which provides as follows:
“2. Each agency shall, in accordance with published rules, make available for public inspection and copying all records, except that such agency may deny access to records or portions thereof that:
“(a) are specifically exempted from disclosure by state or federal statute;
“(b) if disclosed would constitute an unwarranted invasion of personal privacy under the provisions of subdivision two of section eighty-nine of this article;
“(c) if disclosed would impair present or imminent contract awards or collective bargaining negotiations;
“(d) are trade secrets . . . ;
“(e) are compiled for law enforcement purposes” (emphasis supplied).
Petitioner urges that it is well-settled law that FOIL is to be liberally construed and its exemptions narrowly interpreted so that the public is granted maximum access to government records. Citing Matter of Miller v Incorporated Vil. of Freeport (81 Misc 2d 81 [Sup Ct, Nassau County 1975], affd 51 AD2d 765 [2d Dept 1976]), in which the court annulled the Village’s decision denying petitioners’ request to copy village records, petitioner argues that it was the legislative intent under FOIL to provide government records for both inspection and copying and urges that respondents’ denial of petitioner’s request to inspect and copy records violates Public Officers Law § 87 (2) and “this State’s strong commitment to open government and public accountability,” citing Matter of Capital Newspapers Div. of Hearst Corp. v Burns (67 NY2d 562 [1986]) and Matter of Gould v New York City Police Dept. (89 NY2d 267 [1996]). In Capital Newspapers, the Court of Appeals, motivated by the “public’s right to know,” found that all records of a public agency are presumptively open to public inspection and copying unless otherwise exempted by FOIL. (Matter of Capital Newspapers Div. of Hearst Corp. v Burns, supra; see also, Gould v New York City Police Dept., supra.) The Court of Appeals held that the agency seeking to prevent disclosure has the burden of demonstrating that the requested material falls within a FOIL exemption and they must articulate a particularized specific justification for denying access to the requested documents. (Matter of Capital Newspapers Div. of Hearst Corp. v Burns, supra.) Petitioner concludes that respondents lacked a reasonable basis to deny his request for a copy of the subject records.
*443 Respondents’ Contentions
In support of the motion to dismiss the petition, respondents point to General Municipal Law former § 813 (18) (a) (1) with specific regard to the photocopying of financial disclosure statements, which provides in pertinent part as follows:
“a. Notwithstanding the provisions of article six of the public officers law, the only records of the commission which shall be available for public inspection are:
“(1) the information set forth in an annual statement of financial disclosure filed pursuant to local law, ordinance or resolution or filed pursuant to section eight hundred eleven or eight hundred twelve of this article except the categories of value or amount which shall remain confidential” (emphasis supplied).
It is respondents’ position that this section of law expressly exempted the temporary state commission on local government ethics from the FOIL requirements set forth in Public Officers Law § 86, and reiterates that General Municipal Law former § 813 (18) (a) clearly provides that financial disclosure statements are available for public inspection only, with no mention of photocopying. Respondents state that the Town adopted its code and modeled its provisions after those set forth in General Municipal Law former § 813. Therefore, section 30-16 (M) (1) of the Code of the Town of Oyster Bay allows for public inspection as follows:
“§ 30-16. Powers and duties of Board of Ethics.
“In addition to those powers and duties previously granted, the Board of Ethics shall have the following additional powers and duties when dealing with financial disclosure requirements: . . .
“M. Make available for public inspection the following records:
“(1) The information set forth in an annual statement of financial disclosure filed pursuant to this Article, except the categories of value or amount, which shall remain confidential.” (Emphasis supplied.)
Respondents maintain that, like the temporary commission, the Ethics Code provisions are exempt from the FOIL requirements. Respondents assert that Ethics Code § 30-16 (M) (1) is not arbitrary and capricious and that the regulation is attempting to “strike a balance between public disclosure and the right to *444 personal privacy” citing Matter of John v New York State Ethics Commn. (178 AD2d 51, 55 [3d Dept 1992]). In John, a case of first impression in the Third Department, the Court held that certain financial data filed with the State Ethics Commission was removed from the provisions of FOIL and that limited disclosure of said data was a reasonable determination of the State Ethics Commission. In John, the Third Department held that “[i]n effect, the standards governing disclosure under the Executive Law are substituted for those set forth in FOIL” (at 54). Respondents argue that the standards governing disclosure under General Municipal Law former § 813 (18) (a) (1) are identical to Executive Law § 94 (17) (a) (1) and, therefore, are substituted for the FOIL standards.
Additionally, respondents assert that 9 NYCRR part 9978 allows for public inspection, not photocopying, of annual financial disclosure statements. Indeed, 9 NYCRR 9978.6 (c) and (d) explicitly prohibit the photocopying of an annual statement of financial disclosure upon public inspection, as well as its removal from the custody of the commission, as follows:
“(c) The annual statements are not available for photocopying, photographing, or mechanical duplication in any manner. Handwritten notes may be taken.
“(d) No annual statement shall be removed from the custody of the commission.” (Emphasis supplied.)
Respondents conclude that, although there is a right to public inspection, that right does not carry a corresponding right to photocopying. (John v New York State Ethics Commn., supra.)
Moreover, respondents claim that the statute of limitations for an article 78 proceeding is four months pursuant to CPLR 217. It is the Town’s position that the instant petition is untimely as petitioner was able to seek judicial review 10 days after the Town’s failure to address the May 23, 2005 letter and the instant petition was brought on November 9, 2005, more than four months thereafter. Respondents urge that the second set of FOIL requests, dated June 24, 2005, did not toll the statute of limitations because the FOIL request was duplicative of the prior request and that the petition should be dismissed as untimely.
In reply, petitioner argues that the numerous ambiguous communications between the parties must be held against the public body seeking to enforce the limitations period, citing Berkshire Nursing Ctr., Inc. v Novello (13 AD3d 327 [2d Dept 2004]). In Berkshire, the Second Department held that a deter *445 mination generally becomes binding when the aggrieved party is notified and it is the burden of the party asserting the statute of limitations to demonstrate that it provided a decision more than four months before the proceeding was commenced. Petitioner contends that his FOIL request for redacted documentation was an ongoing process and that the final determination of petitioner’s FOIL request was on August 5, 2005 and, therefore, the petition filed on November 7, 2005 was timely. Petitioner argues that no final determination was forwarded to petitioner prior to August 5, 2005 and that, subsequent to the holding in John, the Department of State Committee on Open Government issued an Advisory Opinion by Executive Director Robert Freeman (1993 Ops Comm on Open Govt No. FOIL-AO-731) as to the availability of a local municipality’s financial disclosure statements and concluded that a municipality must, on request and on payment of the appropriate fee, provide photocopies of financial disclosure statements. The opinion reiterates that the FOIL is the governing statute with respect to records of local board of ethics, which expressly provides for copying as well as for public inspection.
Discussion
Initially, the court concludes that the article 78 petition is timely. CPLR 217 (1), which sets forth the statute of limitations for article 78 proceedings, provides as follows:
“Unless a shorter time is provided in the law authorizing the proceeding, a proceeding against a body or officer must be commenced within four months after the determination to be reviewed becomes final and binding upon the petitioner or the person whom he represents in law or in fact, or after the respondent’s refusal, upon the demand of the petitioner or the person whom he represents, to perform its duty . . . .”
The ambiguous and contradictory letters from respondents, at times granting petitioner the right to a copy of the records at the rate of 250 per page and, thereafter, precluding photocopying or duplication in any manner, did not provide petitioner with a final and binding determination until the August 5, 2005 letter denying petitioner’s FOIL request. The court resolves any ambiguity created by the public body in favor of petitioner (Matter of Castaways Motel v Schuyler, 24 NY2d 120 [1969]), and finds that petitioner’s FOIL request for redacted documentation was an ongoing process and that the petition is timely.
*446 Furthermore, after a careful reading of the submissions herein, it is the judgment of the court that, while the above cited statutes and rules and regulations within the Executive Law and the General Municipal Law pertain to the records of the State Ethics Commission and to the Temporary State Commission on Local Government Ethics and govern access to records of those entities, it is the Freedom of Information Law that is the governing statute with respect to records of local boards of ethics. (See, 1993 Ops Comm on Open Govt No. FOIL-AO-731.) The court finds that respondents have not established that the records fall within one of the exemptions under FOIL (Public Officers Law § 87) and have not articulated a particularized justification for denying the right to copy the documents provided at a public inspection. Given that the categories of value or amount are to be redacted from the annual financial statements, in the court’s view that disclosure and copying would not constitute an unwarranted invasion of privacy. Indeed, the inspection and copying of annual financial statements, including the source of the official’s income and a delineation of investments, is the very type of information that the public has the right to uncover when looking into conflicts of interest. The legislative intent under FOIL is to provide government records for both inspection and copying and the court finds that there is no rational basis for denying copying of documents which the statute authorizes petitioner to inspect. The court notes that General Municipal Law former § 813, cited by both parties, has expired and that 9 NYCRR part 9978, the rules and regulations enacted to guide the temporary commission, does not constitute a “statute” sufficient to provide an exemption under FOIL. (Cf., Sheehan v City of Syracuse, 137 Misc 2d 438 [Sup Ct, Onondaga County 1987]; Matter of Zuckerman v New York State Bd. of Parole, 53 AD2d 405 [3d Dept 1976].)
Conclusion
Based upon the foregoing, the court, therefore, annuls the respondents’ determination and directs respondents to permit the petitioner to copy the requested information. The respondents’ motion for an order dismissing the petition is denied.
All further requested relief not specifically granted is denied.