(August 28, 2008)

■ In the Matter of HUMANE SOCIETY OF THE UNITED STATES, Appellant, v DAVID FANSLAU, as Sullivan County Manager, et al., Respondents. [863 NYS2d 519]—

Malone Jr., J. Appeal from a judgment of the Supreme Court (Sackett, J.), entered March 1, 2007 in Sullivan County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Samuel Yasgur partially denying petitioner's Freedom of Information Law request.

Petitioner commenced this CPLR article 78 proceeding challenging a Freedom of Information Law (see Public Officers Law art 6 [hereinafter FOIL]) determination of respondent Samuel Yasgur, the Sullivan County Attorney, finding that certain financial disclosure statements of respondent Stephen Lungen, the Sullivan County District Attorney, were appropriately redacted prior to petitioner's inspection and that petitioner was not entitled to photocopy such documents. Supreme Court adopted the findings of a Hearing Officer that the redactions

were proper and that petitioner was not improperly denied the right to copy the records, among other things, and dismissed the petition. This appeal ensued.

Pursuant to FOIL, there is a presumption that all government and agency records are open for public inspection unless the agency seeking to prevent disclosure demonstrates "that the requested information 'falls squarely within a FOIL exemption by articulating a particularized and specific justification for denying access' " (*Matter of Data Tree, LLC v Romaine*, 9 NY3d 454, 462-463 [2007], quoting *Matter of Capital Newspapers Div. of Hearst Corp. v Burns*, 67 NY2d 562, 566 [1986]). Respondents contend, among other things, that disclosure of information pertaining to family members' income and/or investments would amount to an unwarranted invasion of privacy inasmuch as such information was reported in confidence and would result in economic or personal hardship (*see* Public Officers Law § 89 [2] [b] [iv], [v]). "What constitutes an unwarranted invasion of personal privacy is measured by what would be offensive and objectionable to a reasonable [person] of ordinary sensibilities" (*Matter of Beyah v Goord*, 309 AD2d 1049, 1050 [2003] [internal quotation marks and citations omitted]).

Balancing the competing interests of public access and personal privacy (*see Matter of Pennington v Clark*, 16 AD3d 1049, 1051 [2005], *lv denied* 5 NY3d 712 [2005]; *Matter of Dobranski v Houper*, 154 AD2d 736, 737 [1989]), under the circumstances presented herein, disclosure of the *general* information regarding the income and investments of Lungen's family members outweighs any personal privacy interest. Moreover, respondents have not demonstrated that disclosure of such information amounts to an unwarranted invasion of personal privacy to justify exemption from FOIL. Here, the financial disclosure statements are required to be submitted to and maintained by respondent Sullivan County Board of Ethics. Information pertaining to a family member's financial interests is clearly relevant to the Board's role of investigating ethical code violations in an effort to uncover conflicts of interest involving public officials. The financial interests at issue, absent the categories of amounts and values, constitute general information that the public has a right to uncover and the disclosure of such does not amount to an unwarranted invasion of personal privacy (*see Matter of Archdeacon v Town of Oyster Bay*, 12 Misc 3d 438, 446 [2006]; *see generally Matter of Data Tree, LLC v Romaine*, 9 NY3d at 462-463; *Matter of Capital Newspapers Div. of Hearst Corp. v Burns*, 67 NY2d at 566; *Watkins v New York State Ethics Commn.*, 147 Misc 2d 350, 359 [1990]). Notably, the annual

financial statement specifically states that "[t]he requirements of law relating to the reporting of financial interests are in the public interest."

With respect to petitioner's contention that it was improperly denied the right to photocopy the documents at issue, it is undisputed that petitioner received the requested photocopies when respondents filed the record in the instant proceeding. Accordingly, Supreme Court should have dismissed that part of the petition as moot (*see e.g. Matter of Taylor v New York City Police Dept. FOIL Unit*, 25 AD3d 347, 347 [2006], *lv denied* 7 NY3d 714 [2006]). We are not persuaded by petitioner's argument that the exception to the mootness doctrine is applicable here (*see Orange County Publs., Div. of Ottaway Newspapers, Inc. v Metropolitan Transp. Auth.*, 22 AD3d 290, 291 [2005]).

Finally, although we find that disclosure of the requested information is required under the circumstances presented here, the initial denial of the request was not so unreasonable as to warrant an award of counsel fees (*see* Public Officers Law § 89 [4] [c]).

Cardona, P.J., Peters, Carpinello and Rose, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and petition granted to the extent that respondents are directed to disclose to petitioner the requested financial information pertaining to respondent Stephen Lungen's wife.