█ In the Matter of DEALY DOE EYES MADDUX et al., Appellants, v NEW YORK STATE POLICE et al., Respondents. [883 NYS2d 365]—

Kavanagh, J. Appeal from a judgment of the Supreme Court (Zwack, J.), entered May 23, 2008 in Albany County, which, in a proceeding pursuant to CPLR article 78, among other things, granted respondents' motion to dismiss the petition.

Petitioners are involved in a protracted property dispute with their neighbors and, in that regard, have made numerous calls to respondent State Police claiming that their private property has been destroyed, trees on their property have been removed without their permission and individuals have trespassed on their property. In July 2007, pursuant to the Freedom of Information Law (hereinafter FOIL) (*see* Public Officers Law art 6), petitioners requested copies of all incident reports, logbook entries and all other records prepared by the State Police between 1990 and 2007 during the investigation of petitioners' complaints. The State Police, relying on an exemption to disclosure as set forth in Public Officers Law § 87 (2) (b), denied the request citing concern for the privacy of those individuals that the State Police interviewed in connection with petitioners' complaints. After exhausting their administrative remedies, petitioners commenced this CPLR article 78 proceeding arguing that they were entitled to the requested documents and that the refusal to provide them was so unreasonable as to warrant an award of counsel fees. Respondents subsequently moved to dismiss the petition as moot, including with the motion, as

exhibits, redacted copies of the requested documents that were, in turn, provided to petitioners. Supreme Court granted respondents' motion to dismiss and denied petitioners' request for counsel fees, concluding that respondents had a reasonable basis for denying the FOIL request. Petitioners now appeal the court's refusal to award counsel fees.

We affirm. As relevant here, a court may award counsel fees in a FOIL proceeding where a litigant "has substantially prevailed" and when the agency "had no reasonable basis for denying access" to the records or documents in question (Public Officers Law § 89 [4] [c]). Notably, "even when these statutory prerequisites are met, the decision to grant or deny counsel fees still lies within the discretion of the court" (*Matter of Henry Schein, Inc., v Eristoff*, 35 AD3d 1124, 1126 [2006]; *see Matter of Todd v Craig*, 266 AD2d 626, 627 [1999], *lv denied* 94 NY2d 760 [2000]). Here, we find no basis to conclude that Supreme Court's decision to deny counsel fees was an abuse of discretion. The requested records consisted of incident reports filed by state troopers that included names, addresses and statements of all persons interviewed in connection with petitioners' various complaints. Further, the record reveals that this ongoing dispute has been extremely contentious, has resulted in civil litigation and includes one confrontation where petitioner Dealy Doe Eyes Maddux reportedly was brandishing a shotgun. Under these circumstances, we cannot conclude that respondents' initial denial of petitioners' FOIL request for these reports was so unreasonable as to justify an award of counsel fees (*see generally Matter of Miller v New York State Dept. of Transp.*, 58 AD3d 981, 985 [2009], *lv denied* 12 NY3d 712 [2009]; *Matter of Humane Socy. of U.S. v Fanslau*, 54 AD3d 537, 539 [2008]).

Spain, J.P., Kane, Malone Jr. and McCarthy, JJ., concur. Ordered that the judgment is affirmed, without costs. [*See* 19 Misc 3d 1137(A), 2008 NY Slip Op 51045(U).]