[926 NYS2d 732]

In the Matter of NEW YORK CIVIL LIBERTIES UNION, Appellant, v
CITY OF SARATOGA SPRINGS et al., Respondents.

Third Department, July 7, 2011

## APPEARANCES OF COUNSEL

*Adriana C. Pinon, New York Civil Liberties Union Foundation,* New York City, for appellant.

*Anthony J. Izzo, City Attorney,* Saratoga County, for respondents.

## OPINION OF THE COURT

STEIN, J.

In April 2009, petitioner made a request to respondent Saratoga Springs Police Department pursuant to the Freedom of Information Law (*see* Public Officers Law art 6 [hereinafter FOIL]) for disclosure of respondents' records relating to its use of devices commonly known as stun guns or tasers. Some two months later, respondents denied the request on the basis that the records were exempt from disclosure (*see* Public Officers Law § 87 [2]). In October 2009, petitioner commenced this proceeding, seeking an order directing respondents to comply with the FOIL request and an award of counsel fees and litigation costs.

Shortly thereafter, the parties entered into negotiations with a view toward reaching a disclosure agreement without court intervention. However, the negotiations were unavailing, prompting petitioner to request a conference with Supreme Court. After the conference, respondents disclosed the requested records, but with some redactions, necessitating further court intervention. Supreme Court ultimately determined that petitioner was entitled to unredacted records. Petitioner then moved for an award of counsel fees and litigation costs in the amount of $10,059.80. Supreme Court found that petitioner had substantially prevailed in the proceeding, respondents had no reasonable basis for their initial denial of petitioner's FOIL request and respondents had failed to reply to such request within the statutory five-day time limit (*see* Public Officers Law § 89 [3] [a]; [4] [c]). Nevertheless, the court denied petitioner's motion and this appeal ensued.

Petitioner's sole contention on appeal is that Supreme Court's denial of its request for counsel fees and costs was an abuse of discretion. We agree. In a FOIL proceeding, the court may award counsel fees and other litigation costs to a litigant who substantially prevails, when the agency had no reasonable basis

for denying access to the requested records or the agency failed to respond to a request within the statutorily prescribed time (*see* Public Officers Law § 89 [4] [c]). Here, Supreme Court properly determined that the statutory prerequisites for an award of counsel fees had been met. It is undisputed that respondents failed to timely respond to petitioner's FOIL request. Nor do we disagree with Supreme Court's finding that respondents lacked a reasonable basis for the blanket denial of such request.* In addition, inasmuch as petitioner ultimately obtained all of the documents it sought, it is evident that petitioner substantially prevailed. Nevertheless, even when the statutory prerequisites are satisfied, the decision whether to award counsel fees rests in the discretion of the court and will not be overturned in the absence of an abuse of such discretion (*see Matter of Carnevale v City of Albany*, 68 AD3d 1290, 1293 [2009]; *Matter of Maddux v New York State Police*, 64 AD3d 1069, 1070 [2009], *lv denied* 13 NY3d 712 [2009]; *Matter of Capital Newspapers Div. of Hearst Corp. v City of Albany*, 63 AD3d 1336, 1339 [2009], *mod on other grounds* 15 NY3d 759 [2010]).

In assessing the propriety of Supreme Court's determination here, we begin with a review of the purposes of a counsel fee award in FOIL proceedings. The counsel fee provision was first added to FOIL in 1982, based upon the Legislature's recognition that persons denied access to documents must engage in costly litigation to obtain them and that "[c]ertain agencies have adopted a 'sue us' attitude in relation to providing access to public records," thereby violating the Legislature's intent in enacting FOIL to foster open government (Assembly Mem in Support, at 1, Bill Jacket, L 1982, ch 73). The provision was subsequently amended—eliminating a requirement not relevant here and adding the failure to respond within the statutory time as an additional, alternative basis for an award of counsel fees (*see* L 2006, ch 492, § 1; Public Officers Law § 89 [4] [c]— in order to "create a clear deterrent to unreasonable delays and denials of access [and thereby] encourage every unit of government to make a good faith effort to comply with the requirements of FOIL" (Senate Introducer's Mem in Support, Bill Jacket, L 2006, ch 492, at 5).

---

* Supreme Court found that "respondents implicitly conceded that they had no reasonable basis for initially denying access." Even if respondents had a reasonable basis for denying access to certain portions of the documents requested, a review of those documents reveals that wholesale denial, as opposed to disclosure of redacted documents, was clearly unreasonable.

Here, Supreme Court's denial of a counsel fee award was premised upon what the court characterized as "the essentially informal and voluntary adopted approach to resolving most of the controversy." However, in our view, the record reflects that the resolution of the matter was neither informal nor voluntary. Correspondence between the parties indicates that respondents engaged in tactics to delay disclosure during the pendency of this proceeding. For example, they apparently missed several deadlines agreed upon by the parties for further communication and were repeatedly unavailable by telephone when petitioner sought to follow up. Respondents made an initial disclosure of redacted documents in February 2010—approximately 10 months after petitioner's first request—only after petitioner made repeated failed attempts to reach respondents' attorney and finally requested and obtained a conference with the court. Then, complete disclosure was made—more than a year after the initial request—only after further intervention by the court and an order directing respondents to provide an unredacted copy of the records.

We recognize that postfiling cooperation is one factor courts may consider in deciding whether an award of counsel fees is appropriate. Here, however, all of the prerequisites for such an award were met and respondents neglected to offer *any* excuse for their failure to timely respond to petitioner's request. Moreover, substantial efforts by petitioner—as well as repeated intervention by Supreme Court—were necessary to obtain disclosure. Under these circumstances, we cannot agree that the matter was resolved "voluntarily." Nor are any other extenuating circumstances present (*compare Matter of Carnevale v City of Albany*, 68 AD3d at 1292-1293; *Matter of Maddux v New York State Police*, 64 AD3d at 1070; *Matter of Capital Newspapers Div. of Hearst Corp. v City of Albany*, 63 AD3d at 1336-1339; *Matter of URAC Corp. v Public Serv. Commn. of State of N.Y.*, 223 AD2d 906, 907-908 [1996]). On this record— and particularly in view of the fact that it was only through the use of the judicial process that petitioner was able to obtain the required disclosure and respondents evinced a clear disregard of the public's right to open government—we find that the denial of petitioner's request for an award of counsel fees was an abuse of discretion (*see generally Matter of Gordon v Village of Monticello*, 87 NY2d 124, 128 [1995]). To conclude otherwise would not only subvert the purposes of the statute, but would lead to a result where only a petitioner who fully litigated a matter to a

successful conclusion could ever expect an award of counsel fees and a respondent whose position was meritless need never be concerned about the possible imposition of such an award so long as they ultimately settled a matter—however dilatorily— before the court heard the petition on the merits.

Notwithstanding the lack of opposition by respondents to the specific amount of counsel fees and costs requested by petitioner, judicial review of the reasonableness of such amount is necessary. Inasmuch as Supreme Court was directly involved with this matter, that court is in the best position to make such determination in the first instance. Accordingly, we remit this matter to Supreme Court to fix the amount of counsel fees and costs to be awarded.

Rose, J.P., Malone Jr., McCarthy and Egan Jr., JJ., concur.

Ordered that the judgment is reversed, on the law, without costs, motion granted, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.