In the Matter of BEVERLY GRAYSON et al., Appellants, v NEW YORK CITY DEPARTMENT OF PARKS AND RECREATION, Respondent. [952 NYS2d 8]—

In this CPLR article 78 proceeding, petitioners, a group of individuals who reside within two blocks of Riverside Park (the Park), in Manhattan, where they handle dogs, sought, inter alia, a declaration that respondent's practice of requiring that all dogs be on a leash within five blocks of any of the four dog runs in the Park, between the hours of 9:00 p.m. and 9:00 a.m., which was contrary to respondent's prior policy, was arbitrary, capricious and contrary to law and without notice to the public.

In November 2003, Corporation Counsel informed the court that respondent "plans to install signs near each Riverside Park entrance which will provide . . . a detailed map and explanation of restrictions concerning dog use," which would likely take between six months and one year to install.

Thereafter, by order, entered December 30, 2003, the court (Yates, J.) upheld the off-leash ban for a five-block radius around the dog runs in the Park, deferring to the Parks Commissioner's judgment. However, the court found merit in petitioners' argument that respondent failed to adequately notify the public of the new policy and noted that respondent was in the process of preparing signs to be installed which would detail the new restrictions. The court retained jurisdiction over the claim of arbitrary enforcement "as a result of inadequate notice" and "adjourn[ed] the matter for four months, pending implementation of appropriate signage and distribution of information to the public describing the new boundaries for unleashed dogwalking."

In an April 13, 2004 letter, Corporation Counsel advised the court that "Parks Department staff are meeting with a designer to discuss preparation of larger, permanent signs" and "expect[ed] that the final sign design will be ready . . . by September 2004 and if approved, signs should be installed in the Spring of 2005."

By order dated April 14, 2004 (the April order), the court (Yates, J.) directed respondent to place at least 20 signs identifying the "metes and bounds of the proposed modification of the 9 PM to 9 AM off-leash permission" in specified areas.

Despite its earlier representations to the court and the clear directive of the April order, respondent failed to post the required signage until July 2010, in response to petitioners' motion to preclude the enforcement of the off-leash ban, and only submitted a proposed sign design for approval to the Landmarks Preservation Commission in October 2010.

Pursuant to 22 NYCRR 130-1.1 (a), "[t]he court, in its discretion, may award . . . costs . . . resulting from frivolous conduct . . . . In addition . . . , the court . . . may impose financial sanctions upon any party . . . who engages in frivolous conduct." 22 NYCRR 130-1.1 (c) defines conduct as "frivolous" where, inter alia, "it is completely without merit in law" or "is undertaken primarily to delay or prolong the resolution of the litigation."

Compliance with court orders is essential to the integrity of our judicial system and thus, litigants must not be allowed to "ignore court orders with impunity" (*Gibbs v St. Barnabas Hosp.*, 16 NY3d 74, 81 [2010] [citation omitted]). Petitioners should not have had to resort to motion practice in order to enforce the April order (*see e.g. Matter of New York Civ. Liberties Union v City of Saratoga Springs*, 87 AD3d 336, 339 [3d Dept 2011]). Here, sanctions are warranted to address the Parks Department's continuous pattern of conduct and deter future frivolous conduct (*see Levy v Carol Mgt. Corp.*, 260 AD2d 27, 33-34 [1st Dept 1999]).

Under the circumstances, including respondent's six-year delay in complying with an order, despite its prior representations to the court and awareness of claims of non-compliance, respondent's delay was "completely without merit in law" and warrants the imposition of a $5,000 sanction (22 NYCRR 130-1.2). Concur—Friedman, J.P., Acosta, Renwick, Richter and Abdus-Salaam, JJ.

Motion for leave to file amicus curiae brief granted.