◼ In the Matter of DEALY-DOE-EYES MADDUX, Appellant, et al., Petitioner, v NEW YORK STATE POLICE et al., Respondents. [959 NYS2d 772]—

Garry, J. Appeal from an order of the Supreme Court (Zwack, J.), entered July 20, 2011 in Albany County, which denied petitioner Dealy-Doe-Eyes Maddux's motion to, among other things, vacate a prior judgment of the court.

Petitioners have been embroiled in a boundary dispute with their neighbors that required the intervention of officers employed by respondent New York State Police (hereinafter respondent) on numerous occasions. Pursuant to the Freedom of Information Law (*see* Public Officers Law art 6 [hereinafter FOIL]), petitioners requested that respondent provide records pertaining to those interactions. Respondent declined to do so, asserting that the individuals involved would suffer "an unwarranted invasion of personal privacy" if the records were released (Public Officers Law § 87 [2] [b]), and petitioners commenced this CPLR article 78 proceeding. Respondent thereafter provided the records, and Supreme Court dismissed the proceeding as moot. Further, finding a reasonable basis for respondent's initial refusal, Supreme Court declined to render an award of counsel fees. Following an unsuccessful appeal to this Court (64 AD3d 1069 [2009], *lv denied* 13 NY3d 712 [2009]), petitioner Dealy-Doe-Eyes Maddux (hereinafter petitioner) moved to "rehear" the case. Supreme Court denied the motion, and petitioner appeals.

We affirm. At this juncture, the application is governed by CPLR 5015 and, as such, "is addressed to the trial court's sound discretion, subject to reversal only where there has been a clear abuse of that discretion" (*Maddux v Schur*, 53 AD3d 738, 739

[2008]; *accord Maddux v Schur*, 83 AD3d 1156, 1157 [2011]). When this case was previously heard upon appeal, we found "no basis to conclude that Supreme Court's decision to deny counsel fees was an abuse of discretion" (64 AD3d at 1070). Petitioner now relies upon a United States Supreme Court holding affirming her right to keep and bear arms (*McDonald v City of Chicago, Ill.*, 561 US —, 130 S Ct 3020 [2010]), and alleges that the initial denial by respondent was based upon a certain handbook or manual in its possession. Neither constitutes newly discovered and relevant evidence that "would probably have produced a different result" (CPLR 5015 [a] [2]; *see Matter of Dyno v Village of Johnson City*, 255 AD2d 737, 737-738 [1998]). Accordingly, we perceive no abuse of discretion in Supreme Court's denial of the motion.

Stein, J.P., McCarthy and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.