*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  July 10, 2014                    517948
_____

In the Matter of JACQUELINE F.
    MINEO,
                        Appellant-
                        Respondent,

        v                                    MEMORANDUM AND ORDER

NEW YORK STATE POLICE et al.,
                        Respondents-
                        Appellants.
_____

Calendar Date:  May 29, 2014

Before:  Peters, P.J., Rose, Egan Jr., Lynch and Devine, JJ.

_____

        True & Walsh, LLP, Ithaca (Khandikile M. Sokoni of
counsel), for appellant-respondent.

        Eric T. Schneiderman, Attorney General, Albany (Jeffrey W.
Lang of counsel), for respondents-appellants.

_____

Egan Jr., J.

        Cross appeals from a judgment of the Supreme Court
(Platkin, J.), entered May 2, 2013 in Albany County, which, among
other things, in a proceeding pursuant to CPLR article 78, denied
petitioner's request for an award of counsel fees.

        In June 2011, a state trooper responded to a 911 call made
by petitioner and her husband, Randolph Mineo, regarding an
ongoing dispute with their neighbors.  After interviewing
petitioner, Mineo and the two neighbors involved, the responding
trooper prepared an incident report and, within a matter of days,
Mineo paid the statutory $15 fee (see Public Officers Law § 66-a

[2]) and requested a copy of the report under the Freedom of Information Law (see Public Officers Law art 6 [hereinafter FOIL]).  Although Mineo objected to the redacted copy of the report with which he was provided and unsuccessfully pursued an administrative appeal in this regard, he did not commence a CPLR article 78 proceeding with respect thereto.

Thereafter, in March 2012, petitioner filed a similar FOIL request with respondent New York State Police (hereinafter respondent) seeking a copy of the subject incident report and enclosing the required $15 fee.  In May 2012, respondent informed petitioner that it would provide her with a copy of the incident report, but that certain information would be redacted "to prevent an unwarranted invasion of the personal privacy of [the] other parties involved."

Following the denial of her administrative appeal, petitioner commenced this CPLR article 78 proceeding challenging respondent's decision to provide her with a redacted copy of the report and its collection of the $15 fee.  Additionally, petitioner requested an award of counsel fees and reasonable litigation expenses under Public Officers Law § 89 (4) (c). Following joinder of issue, Supreme Court granted the petition and ordered respondent to provide petitioner with an unredacted copy of the incident report and to refund $14.50 of the $15 fee previously paid.  Supreme Court, however, denied petitioner's request for counsel fees.  These cross appeals ensued.

As an initial matter, we note that the parties do not challenge the merits of Supreme Court's decision that petitioner be provided with an unredacted copy of the incident report, and respondent asserts that it complied with this directive during the pendency of this appeal.  Rather, petitioner contests Supreme Court's failure to award her counsel fees, and respondents challenge Supreme Court's directive that respondent refund a substantial portion of the $15 fee.  Turning first to the issue of counsel fees, Public Officers Law § 89 (4) (c) provides that a court in a FOIL proceeding may assess reasonable counsel fees and litigation expenses against the agency that has withheld requested records in cases in which the party seeking them has "substantially prevailed, when: (i) the agency had no reasonable

basis for denying access; or (ii) the agency failed to respond to a request or appeal within the statutory time" (see Matter of Maddux v New York State Police, 64 AD3d 1069, 1070 [2009], lv denied 13 NY3d 712 [2009]).  Notably, even if the statutory criteria have been satisfied, the decision to grant or deny counsel fees nonetheless remains a matter committed to the court's sound discretion (see Matter of New York State Defenders Assn. v New York State Police, 87 AD3d 193, 195 [2011]; Matter of Maddux v New York State Police, 64 AD3d at 1070).

Here, although petitioner substantially prevailed in the matter — as Supreme Court determined that she was entitled to an unredacted copy of the incident report — and respondent did not strictly comply with the time requirements of Public Officers Law § 89 (3) (a) in responding to petitioner's FOIL request, we note that the resulting delay was not inordinate (compare Matter of Legal Aid Socy. v New York State Dept. of Corr. & Community Supervision, 105 AD3d 1120, 1122 [2013]; Matter of New York Civ. Liberties Union v City of Saratoga Springs, 87 AD3d 336, 339-340 [2011]).  Additionally, in view of the acrimonious relationship between the participants in the neighborhood dispute and the sensitive nature of the redacted information, it was not unreasonable for respondent to initially conclude that withholding certain information contained in the incident report was necessary to protect the privacy interests of the neighbors (see Matter of Maddux v New York State Police, 64 AD3d at 1070; Matter of Norton v Town of Islip, 17 AD3d 468, 469-470 [2005], lv denied 6 NY3d 709 [2006]).  Accordingly, under the circumstances presented, we do not find that Supreme Court abused its discretion in declining to award counsel fees to petitioner under Public Officers Law § 89 (4) (c).

As for the $15 fee charged by respondent for furnishing a copy of the incident report, Public Officers Law § 66-a (2) specifically authorizes respondent to collect this amount. Although Public Officers Law § 87 (1) (b) (iii), relied upon by petitioner, generally provides that an agency may only charge 25 cents for each photocopied page of a requested record, this provision expressly makes an exception "when a different fee is otherwise prescribed by statute."  Public Officers Law § 66-a (2) is such an exception, as it specifically permits respondent to

charge a search fee of $15 for investigative reports, such as the incident report in question, without any additional charge for photocopying.  In view of this, Supreme Court erred in directing that respondent refund $14.50 of the $15 fee to petitioner, and the judgment must be modified accordingly.

Peters, P.J., Rose, Lynch and Devine, JJ., concur.

ORDERED that the judgment is modified, on the law, without costs, by reversing so much thereof as directed a refund to petitioner of $14.50 of the $15 fee paid, and, as so modified, affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court