Matter of Utility Rate Analysis Consultants (URAC) Corp. v Public Serv. Commn. of The State of N.Y. (2019 NY Slip Op 02600)





Matter of Utility Rate Analysis Consultants (URAC) Corp. v Public Serv. Commn. of The State of N.Y.


2019 NY Slip Op 02600


Decided on April 4, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 4, 2019

527167

[*1]In the Matter of UTILITY RATE ANALYSIS CONSULTANTS (URAC) CORP., Appellant,
v
PUBLIC SERVICE COMMISSION OF THE STATE OF NEW YORK et al., Respondents.

Calendar Date: February 11, 2019

Before: Garry, P.J., Lynch, Clark, Devine and Pritzker, JJ.


Farber Rosen & Kaufman PC, Rego Park (Richard Lunenfeld of counsel), for appellant.
John J. Sipos, Public Service Commission, Albany (Salomon T. Menyeng of counsel), for Public Service Commission of the State of New York and another, respondents.
Cullen and Dykman LLP, Garden City (Nicholas J. Faso of counsel), for National Grid, Inc., respondent.



MEMORANDUM AND ORDER
Devine, J.
Appeal from a judgment of the Supreme Court (Hartman, J.), entered November 3, 2017 in Albany County, which, in a proceeding pursuant to CPLR article 78, denied petitioner's request for an award of counsel fees.
Petitioner, a billing consultant, filed a complaint with respondent Department of Public Service (hereinafter Department) regarding utility bills issued to its client, the Town of Islip, Suffolk County, by respondent National Grid, Inc. in 2012 and 2013. The complaint entered into an informal review process and, following an extended delay, the Department set a submission schedule in November 2016. The submission schedule was soon rescinded so that the Department could investigate the potential relevance of a complaint filed by Suffolk County that related to National Grid's billing and referenced the Town of Islip's account number.
When petitioner's informal request for information about the Suffolk County complaint was unproductive, it made a request pursuant to the Freedom of Information Law (see Public Officers Law art 6 [hereinafter FOIL]) for the complaint's case file. The FOIL request was denied upon the grounds that the case file was not yet public pursuant to regulation and that no public records fitting the request could be found. Petitioner's administrative appeal was belatedly denied, with the secretary of respondent Public Service Commission (hereinafter PSC) agreeing that its regulations barred release of the information, but adding that disclosure of information in the file would constitute an unwarranted invasion of utility customers' personal privacy (see Public Officers Law §§ 87 [2] [b]; 89 [2] [b] [iii]) and might prompt National Grid or other [*2]involved parties to argue that disclosure would substantially injure their competitive position (see Public Officers Law § 87 [2] [d]).
Petitioner commenced this CPLR article 78 proceeding and requested an order directing respondents to comply with its FOIL request and awarding counsel fees and costs. The PSC and the Department (hereinafter collectively referred to as respondents) served an answer and then, with the consent of Suffolk County and National Grid, turned over the case file to petitioner with certain customer information redacted. Petitioner was satisfied with the disclosure, but argued that it had "substantially prevailed" in its request by receiving the information and that an award of legal fees was called for (Public Officers Law § 89 [4] [c]). Supreme Court agreed that petitioner had substantially prevailed, but declined to award any legal fees because reasonable grounds had existed to resist the requested disclosure. Petitioner now appeals.
We affirm. During the period at issue, "[t]he Public Officers Law authorize[d] an award of attorneys' fees where the petitioner 'ha[d] substantially prevailed' in the FOIL proceeding and the agency either lacked a reasonable basis for denying access to the requested records or 'failed to respond to a request or appeal within the statutory time'" (Matter of Madeiros v New York State Educ. Dept., 30 NY3d 67, 78 [2017], quoting Public Officers Law § 89 [4] [former (c) (i), (ii)]; see Matter of Competitive Enter. Inst. v Attorney Gen. of N.Y., 161 AD3d 1283, 1284-1285 [2018]; Matter of Legal Aid Socy. v New York State Dept. of Corr. & Community Supervision, 105 AD3d 1120, 1121 [2013]). The response to petitioner's administrative appeal from the denial of its FOIL request was untimely and, moreover, petitioner substantially prevailed when the requested records were turned over to it during the pendency of this CPLR article 78 proceeding (see Matter of Whitehead v Warren County Bd. of Supervisors, 165 AD3d 1452, 1453-1454 [2018]; Matter of Cobado v Benziger, 163 AD3d 1103, 1106 [2018]). The statutory requirements for an award of counsel fees were accordingly met, leaving the determination of whether to make one "within [Supreme Court's] discretion, subject to review only for an abuse of that discretion" (Matter of Madeiros v New York State Educ. Dept., 30 NY3d at 79; see Matter of Cobado v Benziger, 163 AD3d at 1107).
With regard to the delay in deciding petitioner's administrative appeal, Supreme Court determined that it was decided five days late and respondents argue that the delay was one day after excluding certain days (see General Construction Law § 25-a; Public Officers Law § 89 [5]). There is no need to resolve that issue because, even if the longer delay discerned by Supreme Court is the accurate one, the court properly determined that such a brief "delay was not [so] inordinate" as to warrant an award of counsel fees (Matter of Mineo v New York State Police, 119 AD3d 1140, 1142 [2014], lv denied 24 NY3d 907 [2014]; compare Matter of Legal Aid Socy. v New York State Dept. of Corr. & Community Supervision, 105 AD3d at 1122).
As for whether a reasonable basis existed for denying petitioner access to the case file, a relevant issue "is whether the agency reasonably claimed the records were exempt from disclosure under Public Officers Law § 87 (2), [and] the denial may still have been reasonable even if the records are ultimately deemed not to be exempt" (Matter of New York State Defenders Assn. v. New York State Police, 87 AD3d 193, 195 [2011]; see Matter of Competitive Enter. Inst. v Attorney Gen. of N.Y., 161 AD3d at 1285). Pursuant to regulation, "[c]ustomers, utilities or their representatives may look at and copy complaint files concerning cases to which they are a party" (16 NYCRR 12.2 [b]; see Public Service Law § 43 [2]), but no similar provision permits nonparty access. Respondents have traditionally interpreted that authority as making the case file confidential unless the complaint could not be resolved at a lower level and was placed before the PSC for resolution (see 16 NYCRR 12.13, 12.14). The PSC's secretary further explained why respondents took that position in rejecting petitioner's administrative appeal, stating that the case file contained sensitive customer information that could subject the customer to improper solicitation or fraud if disclosed (see Public Officers Law §§ 87 [2] [b]; 89 [2]; Public Service Law § 65 [7]) and that National Grid might object to the disclosure of certain information in the case file that it had provided and that could "cause substantial injury to [its] [*3]competitive position" if known (Public Officers Law § 87 [2] [d])[FN1]. The Committee on Open Government subsequently rendered an advisory opinion that the former objection called for nothing beyond appropriate redactions and that the latter was premature absent compliance with the procedure set forth in Public Officers Law § 89 (5). Nevertheless, we agree with Supreme Court that respondents reasonably believed the case file to be exempt from disclosure when they denied petitioner access to it, and it follows that Supreme Court acted within its discretion by declining to award counsel fees to petitioner (see Matter of Mineo v New York State Police, 119 AD3d at 1142; Matter of Miller v New York State Dept. of Transp., 58 AD3d 981, 985 [2009], lv denied 12 NY3d 712 [2009]; Matter of Humane Socy. of U.S. v Fanslau, 54 AD3d 537, 539 [2008]).
Garry, P.J., Lynch, Clark and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed, without costs.



Footnotes

Footnote 1: The administrative denial of petitioner's FOIL request did not rely upon the exemption from disclosure set forth in Public Officers Law § 87 (2) (i) and, as a result, respondents cannot rely upon it now (see Matter of Madeiros v New York State Educ. Dept., 30 NY3d at 74-75).