OPINION OF THE COURT
Thomas J. Murphy, J.
This action seeking a declaratory judgment has been sub *439 mitted to this court based upon submitted facts pursuant to CPLR 3222. The facts submitted to by the parties are the following:
1. Pursuant to section 19-4, chapter 19 of the Revised General Ordinances of the City of Syracuse, a fee of $7 is charged for certified copies of accident reports.
2. If the plaintiff in this action or any other member of the general public were to request an accident report, the city would charge $7 pursuant to section 19-4.
3. Prior to the proceeding for declaratory judgment, plaintiff commenced a proceeding under CPLR article 78. Copies of the pleadings, decision and order, which denied plaintiff’s petition, are attached hereto as exhibit "A”. No appeal from that decision has been undertaken.
The issue before this court is whether section 19-4 of the Syracuse Revised General Ordinances is in violation of the Freedom of Information Law.
This court finds that it is, and grants judgment to the plaintiff accordingly.
Prior to commencing this action for declaratory judgment, plaintiff brought an article 78 proceeding for an order compelling the defendants to furnish plaintiff with a certain accident report upon payment of the 25-cent fee. The court (Donovan, J., order filed Jan. 6, 1986) denied the petition as moot since the accident report in question was provided to the plaintiff free of charge in response to the proceeding. The merits of the petition were not addressed by the court.
Public Officers Law § 87 (1) (b) provides in part:
"Each agency shall promulgate rules and regulations * * * pertaining to the availability of records and procedures to be followed, including, but not limited to * * *
"iii. the fees for copies of records which shall not exceed twenty-five cents per photocopy not in excess of nine inches by fourteen inches, or the actual cost of reproducing any other record, except when a different fee is otherwise prescribed by statute.”
Section 19-4 of the Syracuse Revised General Ordinances provides for furnishing copies of police records, photographs, fingerprint cards, fees therefore, "[F]or the issuance and delivery of transcripts and certified copies of accident reports or certified copies or transcripts of other records or reports on *440 file with said department which may be lawfully given, a fee of seven dollars ($7.00) per report.”
It is clear that there is no statute which allows for a fee greater than 25 cents for the copying of a police accident report from the City of Syracuse or its Department of Police. Section 19-4 of the Syracuse Revised General Ordinances is an ordinance, not a statute, and therefore a fee greater than that stated in the Public Officers Law cannot be charged.
Although the applicable ordinance came within the exception to Public Officers Law § 87, under the term "law”, that section was amended by Laws of 1982 (ch 73, § 1) effective October 15, 1982. The Syracuse ordinance was considered a "law” but does not come under the definition of "statute”. A statute is defined as a "legislative act” being the result of the combined action of both the Legislature and the Governor on a bill (56 NY Jur, Statutes, § 1).
By the Legislature amending Public Officers Law § 87 (1) (b) (iii), it preempted the local legislation even though not expressly stated. "It is enough that the Legislature has impliedly evinced its desire to do so * * * from a declaration of State policy by the Legislature” in amending the section and "from the fact that the Legislature has enacted a comprehensive and detailed scheme” with respect to freedom of information (see, Consolidated Edison Co. v Town of Red Hook, 60 NY2d 99, 105 [1983]).
The Committee on Open Government in its Fourth Annual Report to the Governor and the Legislature on the Freedom of Information Law which was submitted in December of 1981 recommended the amendment which is now law. It stated: "The problem is that the term Taw’ may include regulations, local laws, or ordinance, for example. As such, state agencies by means of regulation or municipalities by means of local law may and in some instances have established fees in excess of twenty-five cents per photocopy, thereby resulting in constructive denials of access. To remove this problem, the word Taw’ should be replaced by 'statute’, thereby enabling the agency to charge more than twenty-five cents only in situations in which an act of the state Legislature, a statute, so specifies.”
The court must conclude that only an act of the State Legislature would permit the assessment of the fee higher than 25 cents per photocopy (see, 4th Ann Report of Comm on *441 Open Govt on Freedom of Information and Open Meetings Laws, at 3445).
It is clear that a municipality and other agencies cannot be allowed to charge higher fees merely by adopting a local law when the purpose of the statute allowing access to government records would be thereby circumvented.