■ GANDIN, SCHOTSKY & RAPPAPORT, P. C., et al., Respondents, v SUFFOLK COUNTY et al., Appellants. [640 NYS2d 214] —In an action, *inter alia,* for a judgment declaring Suffolk County Code § 704-1 illegal and void, the defendants appeal from an order of the Supreme Court, Suffolk County (Gerard, J.), entered December 21, 1994, which granted the plaintiffs' motion for summary judgment, declared Suffolk County Code § 704-1 void, and prohibited the defendants from charging fees in excess of those set forth in Public Officers Law § 87 (1) (b) (iii).

Ordered that the order is modified, on the law, by deleting the provision thereof declaring Suffolk County Code § 704-1 void and substituting therefor a provision declaring Suffolk County Code § 704-1 (A), (C), and (D) void; as so modified, the order is affirmed, with costs to the plaintiffs, and the matter is remitted to the Supreme Court, Suffolk County, for entry of a judgment declaring Suffolk County Code § 704-1 (A), (C), and (D) void.

Public Officers Law § 87 (1) (b) (iii) limits the fees which can be charged for copies of agency records to 25 cents per photocopy, or the actual cost of reproducing a record, "except when a different fee is otherwise prescribed by statute." In this action, the plaintiffs challenge the validity of those portions of Suffolk County Code § 704-1 which require the payment of a $20 fee for a copy of a police motor vehicle accident, burglary, or stolen vehicle report. They contend that the local law is invalid because it is inconsistent with the fee limitations set forth in the State statute.

The plaintiffs, who advanced the fees for police reports or

were ultimately responsible for the payment of those fees, have standing to seek declaratory and injunctive relief inasmuch as they have an actual legal stake in the adjudication of this matter (*see, Society of Plastics Indus. v County of Suffolk,* 77 NY2d 761, 772-773; 43 NY Jur 2d, Declaratory Judgments, § 140). To the extent the appellants contend that the plaintiffs are not entitled to recover any overpayment, we note that the plaintiffs did not specifically request such relief in their motion and the court did not direct a refund or grant a money judgment.

The Supreme Court properly concluded that the $20 fee authorized and charged by the appellants is invalid. Public Officers Law § 87 (1) (b) (iii) clearly limits the fee which can be charged for a photocopy of a record unless a different fee is prescribed by statute. Suffolk County Code § 704-1 is a local law, not a statute (*see,* McKinney's Cons Laws of NY, Book 1, Statutes § 1; *Sheehan v City of Syracuse,* 137 Misc 2d 438, 440). Consequently, those portions of Suffolk County Code § 704-1 which require the payment of a $20 fee for copies of police reports are invalid because they are inconsistent with Public Officers Law § 87 (1) (b) (iii) (*see, Consolidated Edison Co. v Town of Red Hook,* 60 NY2d 99, 107; *Sheehan v City of Syracuse, supra*). However, the declaratory relief granted by the court should have been limited to Suffolk County Code § 704-1 (A), (C), and (D), which prescribe the $20 fee. The propriety of the fees charged for photographs (Suffolk County Code § 704-1 [B]) and letters of good conduct (Suffolk County Code § 704-1 [E]) were not challenged by the plaintiffs.

The appellants' remaining contention is without merit. Mangano, P. J., Miller, Altman and Friedmann, JJ., concur.