■ NEW YORK CENTRAL MUTUAL FIRE INSURANCE COMPANY, Respondent, v TOWN OF CHEEKTOWAGA, Appellant. [787 NYS2d 582]—

Appeal from a judgment (denominated order) of the Supreme Court, Erie County (Nelson H. Cosgrove, J.), entered December 17, 2003. The judgment granted in part plaintiff's motion for summary judgment and declared that section 192-2 of the Code of the Town of Cheektowaga is invalid and enjoined defendant from enforcing said law or promulgating any other such laws in violation of section 87 of the Public Officers Law.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by providing in the first decretal paragraph that section 192-2 of the Code of the Town of Cheektowaga is invalid insofar as it concerns computer-generated police and accident reports and by deleting from the second decretal paragraph the phrase "or promulgating any other such laws" and as modified the judgment is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking, inter alia, a declaration that section 192-2 of the Code of the Town of Cheektowaga (hereafter, local law) is "illegal, invalid and/or unenforceable" because it violates Public Officers Law § 87 (1) (b) (iii). The local law provides in relevant part that defendant may charge $10 for "[c]omputer-generated police and accident reports" requested pursuant to the Freedom of Information Law ([FOIL] Public Officers Law art 6), while Public Officers Law § 87 (1) (b) (iii) provides in relevant part that the fees for copies of records requested pursuant to FOIL "shall not exceed twenty-five cents per photocopy not in excess of nine inches by fourteen inches, . . . except when a different fee is otherwise prescribed by statute." Supreme Court concluded that the fees set forth in the local law were not "prescribed by statute," and the court therefore granted plaintiff judgment declaring the local law invalid and enjoining defendant from enforcing it or "promulgating any other such laws" in violation of Public Officers Law § 87.

We agree with the court that the local law is not a statute and that defendant therefore is without authority to charge the $10 fee (*see Gandin, Schotsky & Rappaport v Suffolk County*, 226 AD2d 339, 340 [1996]; *Sheehan v City of Syracuse*, 137 Misc 2d 438, 440-441 [1987]). The court erred, however, in declaring the local law invalid in its entirety inasmuch as plaintiff challenged

only that part concerning police and accident reports and did not challenge the fees for local record checks and background investigations also included therein. We therefore modify the judgment accordingly. Additionally, although the court properly enjoined defendant from charging the $10 fee for computer-generated police and accident reports, the court erred in enjoining defendant from "promulgating any other such laws," and thus we further modify the judgment accordingly.

We have considered defendant's remaining contentions and conclude that they are without merit. Present—Pigott, Jr., P.J., Hurlbutt, Gorski, Martoche and Smith, JJ.