McGrath v Suffolk County (2024 NY Slip Op 05973)

McGrath v Suffolk County

2024 NY Slip Op 05973

Decided on November 27, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 27, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
BARRY E. WARHIT
LOURDES M. VENTURA, JJ.

2020-04467
 (Index No. 608155/16)

[*1]Robert McGrath, Jr., etc., respondent,
v
Suffolk County, et al., appellants.

Christopher J. Clayton, County Attorney, Hauppauge, NY (Drew W. Schirmer of counsel), for appellants.
Taus, Cebulash & Landau, LLP, New York, NY (Kevin S. Landau, Brett Cebulash, and David J. Raimondo of counsel), for respondent.

DECISION & ORDER
In a putative class action, inter alia, for declaratory relief, the defendants appeal from an order of the Supreme Court, Suffolk County (David T. Reilly, J.), dated April 27, 2020. The order, insofar as appealed from, denied the defendants' motion for summary judgment dismissing the complaint and, in effect, declaring that the defendants' imposition of an administrative fee for a red light camera violation is authorized under state law and granted those branches of the plaintiff's cross-motion which were for summary judgment declaring that the defendants' imposition of a monetary liability for a red light camera violation in excess of $50, or $75 with a late fee, is ultra vires, unconstitutional, preempted, void, or otherwise illegal and to enjoin the defendants from violating Vehicle and Traffic Law § 1111-b to the extent of declaring that the defendants' imposition of a monetary liability for vehicle owners in excess of $50, or $75 with a statutorily authorized late fee, for a red light camera violation is void as a matter of law and directing that the defendants are enjoined from collecting any fines, penalties, or fees beyond those provided for in Vehicle and Traffic Law § 1111-b(e).
ORDERED that the order is affirmed insofar as appealed from, with costs, and the matter is remitted to the Supreme Court, Suffolk County, for the entry of a judgment, inter alia, making an appropriate declaration in accordance herewith.
The plaintiff commenced this putative class action against the defendants, Suffolk County and Suffolk County Traffic and Parking Violation Agency, seeking, inter alia, declaratory relief and to recover damages for unjust enrichment, fraud, and negligent misrepresentation. The defendants moved for summary judgment dismissing the complaint and, in effect, declaring that the defendants' imposition of an administrative fee for a red light camera violation is authorized under state law. The plaintiff cross-moved, among other things, for summary judgment declaring that the defendants' imposition of a monetary liability for a red light camera violation in excess of $50, or $75 with a late fee, is ultra vires, unconstitutional, preempted, void, or otherwise illegal and to enjoin the defendants from violating Vehicle and Traffic law § 1111-b. The Supreme Court, inter alia, denied the defendants' motion and granted those branches the plaintiff's cross-motion to the extent of declaring that the defendants' imposition of a monetary liability for vehicle owners in excess of $50, or $75 with a statutorily authorized late fee, for a red light camera violation is void as a matter [*2]of law and directing that the defendants are enjoined from collecting any fines, penalties, or fees beyond that provided for in Vehicle and Traffic Law § 1111-b(e). The defendants appeal.
In 2009, the New York State Legislature enacted Vehicle and Traffic Law § 1111-b, which authorized the County to adopt and amend a local law or ordinance establishing a red light camera program. The statute provides, inter alia, "An owner liable for a violation of subdivision (d) of section eleven hundred eleven of this article pursuant to a local law or ordinance adopted pursuant to this section shall be liable for monetary penalties in accordance with a schedule of fines and penalties to be set forth in such local law or ordinance. The liability of the owner pursuant to this section shall not exceed fifty dollars for each violation; provided, however, that such local law or ordinance may provide for an additional penalty not in excess of twenty-five dollars for each violation for the failure to respond to a notice of liability within the prescribed time period" (id. § 1111-b[e]).
Pursuant to the power and authority granted by the State Legislature, the County Legislature passed Local Law No. 20-2009, codified as Suffolk County Code § 818-46 et seq. Relevant portions of those code provisions provided:
"§ 818-49 Owner liability.
"The owner of a vehicle shall be liable for a penalty imposed pursuant to this article if such vehicle is used or operated with the permission of the owner, express or implied, in violation of § 1111(d) of the New York Vehicle and Traffic Law, and such violation is evidenced by information obtained from a traffic control signal photo violation-monitoring system. . . .
"§ 818-50 Penalties for offenses.
"A. An owner liable for a violation of § 1111(d) of the New York Vehicle and Traffic Law, in accordance with § 818-49 of this article, shall be liable for a monetary penalty of $50 for each violation. An owner shall be liable for an additional penalty of $25 for each violation for the failure to respond to a notice of liability within the time prescribed in the notice of violation" (id. §§ 818-49, 818-50[A]).
Subsequently, on April 1, 2013, an amendment by the State Legislature of General Municipal Law § 370 went into effect, authorizing the County to establish a traffic and parking violations agency (see id. § 370[3]). Thereafter, the County Legislature enacted the following relevant Code provisions:
"§ 818-77 Legislative intent.
"A. This Legislature hereby finds and determines that, in accordance with Article 14-B of the General Municipal Law, and pursuant to Local Law No, 9-2013, the County of Suffolk established a Traffic and Parking Violations Agency to assist the Suffolk County District Court in the disposition and administration of traffic and parking violations.
"B. This Legislature further finds that certain administrative fees were adopted pursuant to Resolution No. 908-2012 (Budget Amendment Resolution No. 2-2012), in the amount of $30 for each notice of violation processed by the Agency which was issued pursuant to Vehicle and Traffic Law § 1111-b, and $50 for each infraction of traffic and parking laws, ordinances, or rules and regulations processed by the Agency under General Municipal Law § 371 other than notices of violation issued pursuant to Vehicle and Traffic Law § 1111-b. . . .
"C. This Legislature further finds that, although these administrative fees were previously approved in Resolution No. 908-2012 (Budget Amendment Resolution No. 2-2012), it is prudent to incorporate such charges in a fee schedule established for the Traffic and Parking Violations Agency and codified in the Suffolk County Code.
"D. Therefore, the purpose of this article is to codify the previously approved fee schedule for the Traffic and Parking Violations Agency in the Suffolk County Code.
"§ 818-78 Fee schedule. . . .
"A. A fee schedule for the Suffolk County Traffic and Parking Violations Agency is hereby established as follows: (1) Administrative fee for red light tickets: $30" (Suffolk County Code §§ 818-77, 818-78).
"The primary consideration of courts in interpreting a statute is to ascertain and give effect to the intention of the Legislature" (People v Galindo, 38 NY3d 199, 203 [internal quotation marks omitted]; see Riley v County of Broome, 95 NY2d 455, 463). "Generally, the plain meaning of the statutory text is the best evidence of legislative intent" (People v Galindo, 38 NY3d at 203 [internal quotation marks omitted]; see Riley v County of Broome, 95 NY2d at 463). "[A]s a general rule, unambiguous language of a statute is alone determinative" (People v Galindo, 38 NY3d at 203 [internal quotation marks omitted]; see Riley v County of Broome, 95 NY2d at 463). Nevertheless, "the legislative history of an enactment may also be relevant and is not to be ignored even if words be clear" (People v Badji, 36 NY3d 393, 399 [internal quotation marks omitted]; see Consedine v Portville Cent. School Dist., 12 NY3d 286, 290; Riley v County of Broome, 95 NY2d at 463).
In the absence of a statutory definition, courts "construe words of ordinary import with their usual and commonly understood meaning, and in that connection have regarded dictionary definitions as useful guideposts in determining the meaning of a word or phrase" (Yaniveth R. v LTD Realty Co., 27 NY3d 186, 192 [internal quotation marks omitted]; see Rosner v Metropolitan Prop. & Liab. Ins. Co., 96 NY2d 475, 479-480).
Here, Vehicle and Traffic Law § 1111-b, which authorized the County to adopt and amend a local law or ordinance establishing a red light camera program, provided, inter alia, that "[a]n owner liable for a violation of subdivision (d) of section eleven hundred eleven of this article pursuant to a local law or ordinance adopted pursuant to this section shall be liable for monetary penalties in accordance with a schedule of fines and penalties to be set forth in such local law or ordinance" (id. § 1111-b[e]). The statute further provided that "[t]he liability of the owner pursuant to this section shall not exceed fifty dollars for each violation; provided, however, that such local law or ordinance may provide for an additional penalty not in excess of twenty-five dollars for each violation for the failure to respond to a notice of liability within the prescribed time period" (id.).
A plain reading of Vehicle and Traffic Law § 1111-b supports the Supreme Court's determination that the statute precludes the County from collecting anything more than $50, plus a late fee of $25, from an owner for each violation of Vehicle and Traffic Law § 1111(d) pursuant to the County's red light camera program. Moreover, differing definitions of liability and penalty support a finding that the term liability as used in Vehicle and Traffic Law § 1111-b refers to an owner's financial obligation, which includes, inter alia, all penalties, fees, and fines (see Black's Law Dictionary [11th ed 2019], liability, penalty).
In addition, the statutory history of Vehicle and Traffic Law § 1111-b supports a finding that the statute prohibits the County from imposing a financial liability in excess of $50, or $75 with a late fee, on owners for a red light camera violation, as during the statute's floor debate, the statute's sponsor assured the Legislature that administrative fees that were sometimes tacked on to Vehicle and Traffic Law violations would not apply, and the bill enacting Vehicle and Traffic Law § 1111-b also amended Vehicle and Traffic Law § 1809 to exclude certain fees and surcharges for red light camera violations.
Article 9 of the New York Constitution confers upon local governments, including counties, home rule powers including the power (i) "to adopt and amend local laws not inconsistent with the provisions of this constitution or any general law relating to its property, affairs or government" and (ii) "to adopt and amend local laws not inconsistent with the provisions of this constitution or any general law relating to[, inter alia, fines], whether or not they relate to the [*3]property, affairs or government of such local government, except to the extent that the legislature shall restrict the adoption of such a local law relating to other than the property, affairs or government of such local government" (NY Const, art IX, § 2[c][i], [ii]; see Municipal Home Rule Law § 10[1][i], [ii][a][9-a]). Thus, in general, "[s]o long as local legislation is not inconsistent with the State Constitution or any general law, localities may adopt local laws both with respect to their property, affairs or government, and with respect to other enumerated subjects, except to the extent that the legislature shall restrict the adoption of such a local law" (Albany Area Bldrs. Assn. v Town of Guilderland, 74 NY2d 372, 376 [citations and internal quotation marks omitted]; see Murray v Town of N. Castle, N.Y., 203 AD3d 150, 160-161; Matter of Gizzo v Town of Mamaroneck, 36 AD3d 162, 165).
However, "[t]he preemption doctrine represents a fundamental limitation on home rule powers and embodies the untrammeled primacy of the [l]egislature to act . . . with respect to matters of State concern" (Garcia v New York City Dept. of Health & Mental Hygiene, 31 NY3d 601, 617 [internal quotation marks omitted]; see Wambat Realty Corp. v State of New York, 41 NY2d 490, 497). "A local law will be preempted either where there is a direct conflict with a state statute (conflict preemption) or where the legislature has indicated its intent to occupy the particular field (field preemption)" (Garcia v New York City Dept. of Health & Mental Hygiene, 31 NY3d at 617 [internal quotation marks omitted]; see Eric M. Berman, P.C. v City of New York, 25 NY3d 684, 690).
"[C]onflict preemption is generally found only when the State specifically permits the conduct prohibited at the local level or there is some other indication that deviation from state law is prohibited" (Garcia v New York City Dept. of Health & Mental Hygiene, 31 NY3d at 617-618 [internal quotation marks omitted]; see New York State Club Assn. v City of New York, 69 NY2d 211, 221-222, affd 487 US 1). Here, Vehicle and Traffic Law § 1111-b expressly prohibits the County from imposing liability in excess of $50, or $75 with a late fee, on owners for violation of Vehicle and Traffic Law § 1111(d) pursuant to the County's red light camera program (see id. § 1111-b[e]). Thus, the County's imposition of liability, including all penalties, fines, and fees, in excess of $50, or $75 with a late fee, conflicts with, and is invalid as preempted by, Vehicle and Traffic Law § 1111-b (see New York Cent. Mut. Fire Ins. Co. v Town of Cheektowaga, 13 AD3d 1189, 1190; Gandin, Schotsky & Rappaport v Suffolk County, 226 AD2d 339, 340).
Moreover, Vehicle and Traffic Law § 1600 prohibits a local authority from enacting or enforcing any local law, ordinance, order, rule, or regulation that is conflict with the provisions of the Vehicle and Traffic Law unless expressly authorized therein (see id.), and the defendants' imposition of an administrative fee resulting in owner liability in excess of $50, or $75 with a late fee, for a red light camera violation is in conflict with the provisions of Vehicle and Traffic Law § 1111-b. Thus, the defendants' imposition of an administration fee resulting in owner liability in excess of $50, or $75 with a late fee, for a red light camera violation is prohibited by Vehicle and Traffic Law § 1600.
Accordingly, the Supreme Court properly denied the defendant's motion for summary judgment dismissing the complaint and, in effect, declaring that the defendants' imposition of an administrative fee for a red light camera violation is authorized under state law and properly granted those branches of the plaintiff's cross-motion which were for summary judgment declaring that the defendants' imposition of a monetary liability for a red light camera violation in excess of $50, or $75 with a late fee, is ultra vires, unconstitutional, preempted, void, or otherwise illegal and to enjoin the defendants from violating Vehicle and Traffic Law § 1111-b to the extent of declaring that the defendants' imposition of a monetary liability for vehicle owners in excess of $50, or $75 with a statutorily authorized late fee, for a red light camera violation is void as a matter of law and directing that the defendants are enjoined from collecting any fines, penalties, or fees beyond those provided for in Vehicle and Traffic Law § 1111-b(e), regardless of whether Vehicle and Traffic Law § 1111-b is deemed a general law or a special law.
Since this is, in part, a declaratory judgement action, we remit the matter to the Supreme Court, Suffolk County, for the entry of a judgment, inter alia, declaring that the defendants' [*4]imposition of a monetary liability for vehicle owners in excess of $50, or $75 with a statutorily authorized late fee, for a red light camera violation is void as a matter of law (see Lanza v Wagner, 11 NY2d 317, 334).
CONNOLLY, J.P., CHAMBERS, WARHIT and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court